(12 Misc. Rep. 112.)

### ELLENSTEIN v. KLEE et al.

(Common Pleas of New York City and County, General Term.    April 1, 1895.)

TENDER—AFTER ACTION IN DISTRICT COURT.
    The provisions of the Code of Civil Procedure authorizing a tender after an action is brought (section 731 et seq.) do not apply to the district courts of New York City.

Appeal from Fourth district court.

Action by Abraham Ellenstein against Jacob Klee and another. There was a judgment in favor of defendants, and plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Jacob Rieger, for appellant.
Leo. W. Harburger, for respondents.

DALY, C. J.    The record shows that the parties appeared in the district court on December 21, 1894, after service of the summons, and the "plaintiff complained against the defendants as follows: Work, labor, and services on an assigned claim; and the said defendants answered as follows: General denial, breach of contract, tender $17.05, $17.05 paid to clerk Dec. 21, '95 [evidently a mistake for 1894]." No proof of tender before suit was brought was offered

on the trial, and the justice, according to the record, "rendered judgment in favor of the defendants, and against the plaintiff, $17.05, paid to clerk December 21, '94. Judgment for the defendants. Amount paid into court is sufficient to pay the plaintiff's claim."

As there was no evidence of tender before suit, we are to assume that no such plea was intended by the answer, and that the $17.05 was meant to be a tender at the time of the joining of issue. The provisions of the Code authorizing tender after suit brought (section 731 et seq.) do not appear to be made applicable to district courts (section 3347, subd. 6); and, if they were, there was yet no tender of costs, and it was ineffectual. Eaton v. Wells, 82 N. Y. 576. If the offer of judgment allowed by the old Code (sections 64, 68) is still applicable to district courts, then that practice was not pursued in this case, for there was no offer of judgment made. As the justice found that the plaintiff had a claim which the money paid into court was sufficient to satisfy, he should have rendered judgment in plaintiff's favor for the amount due. He could only render judgment in defendants' favor on proof that tender had been made before suit.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.