(25 Misc. Rep. 336.)

### GORMULLY & JEFFERY MFG. CO. v. CROSS.

(Supreme Court, Special Term, Kings County.   November, 1898.)

PAROL EVIDENCE—CONTRACTS—PRESUMPTIONS.

A written instrument appearing on its face to be a contract complete in itself, free from ambiguity, and to express the engagement which the parties entered into, will be conclusively presumed to contain the whole engagement of the parties, and cannot be varied by proof of verbal stipulations made at the time of its execution, where the verbal agreement was not a condition precedent to the taking effect of the written contract.

Appeal from municipal court of New York, borough of Brooklyn.

Action by the Gormully & Jeffery Manufacturing Company against James H. Cross.   From the judgment rendered, plaintiff appeals.   Reversed.

Henry L. Maxson, for appellant.

Alfred Pagelow, for respondent.

GARRETSON, J.   This action was brought upon a written instrument, and whether it be called a lease or conditional bill of sale is immaterial; it may with entire propriety be termed a contract, without doing violence to any rule of law.   Upon the trial, the defendant, under objection and exception by the plaintiff, was permitted to testify to a conversation had between the plaintiff's agent and himself, in which the agent agreed that certain changes and alterations would be made to the bicycle which was the subject of the contract.   The plaintiff insists that the admission of this testimony was error, and calls for a reversal of the judgment, and we are of the opinion that his position is well taken.   The written instrument appears, upon its face, to be a contract complete in itself, and to express the engagement which the parties entered into, and is free from ambiguity or uncertainty.   Such an instrument is conclusively presumed to contain the whole engagement of the parties, and cannot be varied by proof of verbal stipulations, made at the time of its execution, relating to the same subject, and qualifying or varying the instrument.   House v. Walch, 144 N. Y. 418, 39 N. E. 327; Wilson v. Deen, 74 N. Y. 531; Hall v. Beston, 16 Misc. Rep. 528, 38 N. Y. Supp. 979.   The admission of the testimony was more than a mere technical error not affecting the merits. It impaired the integrity of the contract, and substituted for it an agreement established partly by the written instrument and partly by the parol evidence from which the trial court determined the rights and obligations of the parties.   The contemporaneous verbal agreement was not a condition precedent to the taking effect of the written instrument, for the bicycle was delivered into the possession of the defendant when the writing was executed, and the changes and alterations to the vehicle were to be made at an indefinite time thereafter.   The judgment should be reversed, and a new trial had, but without costs on this appeal.

Judgment reversed, and new trial ordered, without costs on this appeal.