(35 Misc. Rep. 529.)

### DOOLITTLE v. FITCHETT.

(Supreme Court, Special Term, Saratoga County. July, 1901.)

EVIDENCE—WRITTEN CONTRACT—PAROL EVIDENCE.
    Defendant ordered plaintiff to send one single column cut and copy reading matter every other week, stating he would pay plaintiff one dollar and postage for each cut at the end of the month. Plaintiff answered, stating, "We agree not to send these cuts to any one else in your city during this time." In the margin of the order submitted by plaintiff were printed the words, "Any arrangement made with agent must be specified plainly in this order." *Held,* that parol evidence of a collateral separate agreement with the agent to whom defendant gave the order that all cuts of reading matter should be submitted to plaintiff, and that he was to take none and pay for none unless they were satisfactory, and that the cuts sent were rejected, was inadmissible, since it attempted to add by parol terms not included in the written contract.

Appeal from justice court.

Action by Rollin E. Doolittle against Irving P. Fitchett. From a justice's judgment in favor of defendant, plaintiff appeals. Reversed.

F. B. Phillips, for appellant.

J. L. Henning, for respondent.

HOUGHTON, J. The plaintiff sued the defendant in justice's court for the price of certain advertising matter, and claims that the entire contract is embraced in the order given by the defendant, which is as follows:

"The Art League, 320 Broadway, New York—Gentlemen: Send one single column cut and copy reading matter every other week to use in this city only, to advertise the drug business, for one year, and until further notice. I will pay you $1.00 and postage for each cut, at the end of the month they are sent.
  "[Signed]                                    I. P. Fitchett. Name.
                                      "Saratoga Springs, N. Y. Address.

"We agree not to send these cuts to any one else in your city during this time.                          The Art League, per E. E. Davis, Agt.

"Dated August 21, 1896.
"To begin Sep. '96."

In the margin is printed, "Any arrangement made with agent must be specified plainly on this order." The defendant says that he had a collateral separate agreement with the agent to whom he gave the order that all cuts and reading matter should be submitted to him, and that he was to take none and pay for none unless they were satisfactory. Cuts and reading matter were furnished at a very small price, in view of the fact that they were what are known as "syndicate cuts," to be sent throughout the country, presumably to very many patrons, in order to cover the cost of the producing and to make the business profitable. Cuts were sent, and the defendant did not approve of them, and finally refused to accept any, or make any payment. The court below allowed evidence of the submission of sample, and the fact that they were unsatisfactory, and rendered judgment for the defendant. The competency of this evidence is the only question involved. The county judge is disqualified, and the appeal comes to this court.

The order was in writing. It was accepted by plaintiff's assignor, and the cuts were furnished. In addition, the plaintiff's assignor agreed not to furnish the cuts to any other person in the village of Saratoga Springs. The contract, therefore, so far as binding both parties, is complete. In order to bring a case within the rule admitting parol evidence to complete an entire contract, of which the writing is only a part, two things are essential: First, the writing must not appear, upon inspection, to be a complete contract; second, the parol evidence must be consistent with, and not contradictory to, the written instrument. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961. It is not a violation of the rule that parol evidence is not admissible to vary the terms of a contract reduced to writing to show that even a complete contract was not to become a binding one until

the performance of some condition precedent resting in parol (Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127); or that it was not to operate as a contract until the other party had performed some act on his part to be done (Blewitt v. Boorum, 142 N. Y. 357, 37 N. E. 119, 40 Am. St. Rep. 600); and, of course, a party can always show want or failure of consideration, and explain any ambiguity, if one exists (House v. Walch, 144 N. Y. 418, 39 N. E. 327). The defendant claims that the evidence was proper under the authority of Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512, and kindred cases. The plaintiff contends that the contract, upon its face, is complete, and that the parol evidence allowed was not consistent with the contract, but contradictory to it. The contract does, upon its face, show what was ordered, when it was to be furnished, and time of the continuance of the contract, the amount to be paid, and the terms of payment, and the further stipulation that no one else in the locality shall be furnished with the same advertising matter. Nothing appears to be lacking in the contract, unless it be—what the defendant claims—that he was to be allowed to inspect the cuts, and not to be bound to take or pay for them in case they were not satisfactory. Upon the face of the contract signed by the defendant and on the margin is a statement that any arrangement made with the agent must be specified plainly on the order, thus indicating that the plaintiff's assignor was not to be bound by any arrangement made with its agent, unless that arrangement was made a part of the written contract. The contract was signed by the defendant without the stipulation that he should be allowed to inspect the cuts and approve of them before acceptance. The contract having been reduced to writing without this stipulation, I think the defendant was bound by it, and that the rule laid down in Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512, does not apply. In that case the order was to manufacture certain machinery, and the ruling there enunciated might well have been put upon the ground that there was an implied warranty on the part of the manufacturer that the machine would do the work for which it was intended. But the contract there was one to manufacture, and in the present case the contract was to buy certain wares. They were cuts necessarily expensive to manufacture, and were in stock, and, of course, could not be manufactured expressly for the defendant at any such price as was agreed to be paid. In view of the statement on the margin that any further agreement with the agent should be specified in the order, and, none being specified, I think the contract shows, upon its face, that it contained the whole agreement between the parties, and that, therefore, oral evidence of another contract, not appearing, was improperly received. In the case of Costello v. Eddy (Sup.) 12 N. Y. Supp. 236, and in the case of Love v. Hamel, 59 App. Div. 360, 69 N. Y. Supp. 251, oral evidence was excluded of the further contract that the parties selling should not engage in the same business thereafter. I think in principle these cases control the present case, especially in view of the fact, which did not appear in the case of Chapin v. Dobson, that upon the face of the contract it appears that all the stipulations were reduced to writing. It follows that the court below was in error in

2857


admitting the oral testimony objected to, and the judgment for the defendant must be reversed.

Judgment reversed, with costs.