(36 Misc. Rep. 199.)

## GLOBE SOAP CO. v. LISS.

(Supreme Court, Appellate Term.    October, 1901.)

1. PAROL EVIDENCE—WRITTEN CONTRACT.
    Where a written order is complete in itself, and states that it is without any agreement other than contained therein, the vendee cannot testify, in an action for the price of goods, that they were left with him to be sold for account of the vendee.

2. TENDER—SUFFICIENCY.
    A tender, after suit brought, is insufficient, unless it includes interest and costs up to the time of the tender.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by the Globe Soap Company against George Liss. Judgment for defendant. Plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Booth & Deane, for appellant.

George W. Gibbons, for respondent.

McADAM, J. The action is for goods sold and delivered. The answer denies a sale, and as a defense alleges that the goods were left with the defendant to be sold by him for the plaintiff, and that any portion of the goods remaining unsold should be returned to plaintiff; that the defendant sold a portion of said goods for the sum of $21.70, which amount defendant there and then deposited in court "as a tender before trial." On the trial the plaintiff put in evidence a writing signed by the defendant, ordering the goods in suit, stating the quantity and prices, with the significant recital, "Terms, thirty days from date of invoice, or 2 per cent. discount for cash in ten days," and the following declaration: "The above order, with condition, terms, prices, etc., is correct in every particular; there being no agreements or understanding whatever other than those stated, and we hereby order the shipment to be made as above." Across the bill is written the name, "H. H. Simmons, Salesman." This writing is a valid contract for the sale and delivery of the goods therein mentioned. Bonesteel v. Flack, 41 Barb. 435; Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. 297, 9 L. R. A. 548; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961. Despite this fact, and against the plaintiff's objection, the court allowed the defendant to testify that the goods in question were not sold to him, but were merely delivered to be sold for account of the plaintiff. Such evidence, in the absence of an allegation of fraud or the like, was clearly inadmissible, and the plaintiff's exception to its admission presents reversible error.

Moreover, the so-called "tender" of defendant was not made until after suit brought, and costs were not allowed to the plaintiff in the judgment. This is also erroneous; for a tender made after suit should include the interest and costs of suit up to the time of such tender. Ellenstein v. Klee, 12 Misc. Rep. 112, 33 N. Y. Supp. 94; Eaton v. Wells, 82 N. Y. 576. Judgment reversed, and new trial ordered, with costs to appellant to abide event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.