HESS et al. v. LIEBMANN.

(Supreme Court, Appellate Term. June 22, 1903.)

1. EVIDENCE—WRITTEN CONTRACT—PAROL EVIDENCE.
    In an action for the price of a bill of goods in which plaintiff introduced a written contract signed for defendant by her husband as agent, and in her presence, providing that the goods should be shipped at the seller's earliest convenience, and containing a provision that no agreement other than that therein contained should be binding upon either purchaser or seller, parol ·evidence that the order was conditional upon the goods being delivered at a certain time, was inadmissible.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Henry B. Hess and others against Ada Liebmann. From a judgment for defendant, plaintiffs appeal. · Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

John T. Booth, for appellants.
Wm. A. Sweetser, for respondent.

MacLEAN, J. This action was brought to recover the purchase price of certain goods sold and delivered by the plaintiffs to the defendant. The answer, verified by the defendant herself, put in issue all the allegations of the complaint, except the copartnership of the plaintiffs, and also alleged an agreement to deliver the goods in question by a certain stipulated time, besides setting up a counterclaim for profits guarantied in connection with the contract of sale. Upon the trial the defendant was confronted with a written agreement signed in her behalf by her husband and agent in her presence, as she later admitted. The agreement began with an order to ship the goods at seller's earliest convenience, contained a provision that goods were to be delivered to the purchaser by delivering them to the transportation company, upon which the responsibility of the seller was to cease, and "no agreement other than above set forth shall be binding either upon purchaser or seller." Against the objections and over the exceptions of the plaintiffs' counsel, the defendant was al-

¶ 1. See Evidence, vol. 20, Cent. Dig. § 1941.

lowed to give evidence of an oral agreement that the goods were to be delivered for the Christmas trade, and that at the time of signing the writing put in evidence, the husband said he signed it on that condition. This was error. No authority was shown in the salesman to make such an agreement. Inspection of the writing showed it to be complete, embracing all the particulars necessary to a perfect agreement, and designed to express the arrangement between the parties; and so it presumably embraced the entire arrangement. Moreover, the parol evidence was inconsistent with and contradictory of the written instrument. The judgment should be reversed. Doolittle v. Fitchett, 35 Misc. Rep. 529, 71 N. Y. Supp. 1124; Globe Soap Co. v. Liss, 36 Misc. Rep. 199, 73 N. Y. Supp. 153.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event. All concur.