The McCaskey Register Company, Appellant, *v.* John Green, Respondent.

(County Court, Madison County, January, 1908.)

Evidence — Parol evidence — The general rule and its applications — Instruments incompletely expressing intention of parties — General rule.

> Where an agent's contract for the purchase of " One McCaskey Account Register, Style No. 4. No. of Accts. 192 " was signed by the agent and by the purchaser who at the time made an initial payment on the purchase price, but the contract did not give the dimensions in feet and inches of the register contracted for, and, in an action to recover the balance of the purchase price, it is admitted that the register did not fit the defendant's safe, testimony that at the time of making the contract it was stipulated that the register should fit his safe is competent; and a judgment for the defendant for the amount of the initial payment, with interest and costs, will be affirmed.

Appeal from a judgment of the Justice's Court rendered in favor of defendant.

John H. Johnson, for appellant.

E. W. Cushman, for respondent.

Kiley, J. This is an appeal from a judgment of a justice of the peace, rendered on the 28th day of November, 1906, dismissing the complaint of the plaintiff and rendering a judgment for six dollars, with interest and costs, amounting to the sum of ten dollars and five cents, in favor of the defendant.

The evidence shows that, on March 30, 1906, the plaintiff and defendant entered into an agreement, partially written and printed, which is known as written agreement, in and by which the plaintiff, agreed to sell and the defendant agreed to purchase " One McCaskey Account Register, Style No. 4, No. of Accts. 192." The price agreed upon, as stated in the

County Court, Madison County, January, 1908.    [Vol. 57.

contract, was seventy-two dollars, six dollars to be paid on the date of contract, and eleven dollars monthly thereafter, until the whole sum was paid. The contract was signed by A. P. Lewis as plaintiff's agent, for the plaintiff, and by the defendant. The six dollars was paid. The contract provided that it covered all agreements between the parties, and that it was subject to acceptance by the plaintiff at its place of business at Alliance, O. It also provided, in subdivision 7 of the conditions printed upon said paper writing, as follows: "It is expressly agreed that this order shall not be countermanded, and a receipt of a copy of the same is hereby acknowledged." In the upper left hand corner the paper is designated as "Agent's Contract." We have here an agent's contract with the purchaser, and the purchaser's order to the plaintiff, which he cannot countermand, but which the principal of the seller, or agent, can annul without the consent of the purchaser.

There are no material disputed questions of fact, as appears from the return. The agent of the plaintiff signed the writing and the defendant signed the writing, and paid the six dollars. The original contract and order attached to the return shows that dimensions, in feet and inches, of the machine or register bargained for, are not given; and its size and kind are not otherwise given, except as, "Style No. 4, No. of Accts. 192."

It appears that on the date and at the time when the contract and order was executed, the defendant said it must fit his safe or it would be of no use to him and that, if it would not go into his safe, he wanted the order destroyed. The agent who sold the register said it would fit the safe and, upon the trial of this action in Justice's Court, swore that the register was sold with the idea that it was to fit the safe. The plaintiff-appellant urges that the force of this evidence is to change, by parol, a written contract, and that the evidence was not only incompetent, but that it was no defense under the provisions of the contract and order. The defendant and respondent urges that it does not tend to change the contract or contradict its terms, but that the evidence is com-

petent, as showing the conditions and stipulations under which the contract was to become operative and enforceable. If the effect of the evidence is to change a written and completed contract by parol evidence, then the evidence was incompetent, and a judgment based upon it cannot stand. Lamson Consolidated Store Service Co. v. Hartung, 46 N. Y. St. Repr. 191; Love v. Hamel, 59 App. Div. 360; Gormully & Jeffery Mfg. Co. v. Gross, 25 Misc. Rep. 336; Thomas v. Scutt, 127 N. Y. 133.

The respondent, as stated above, points out that this contract does not state dimensions as to size of register; only the number appearing which refers to the number of accounts it will accommodate; that this register was ordered with a view of keeping it in a particular place, viz., his safe, and that the stipulation as to the size it should be in feet and inches explains and does not contradict the contract. It appears from the contract itself that it was not complete at the time the stipulation was made, to wit, on the day of the date of contract, as it had not then been accepted by the plaintiff and could not have been under the circumstances, at that time, and urges that this order, or contract, comes under the line of cases, as held in Chapin v. Dobson, 78 N. Y. 74; Juilliard v. Chaffee, 92 id. 529; Jamestown Business College Assn. v. Allen, 172 id. 291; Higgins v. Ridgway, 153 id. 130; Harnickell v. N. Y. Life Ins. Co., 111 id. 390.

That the register does not fit defendant's safe is testified to by both parties, and as a question of fact is deemed to be admitted. Under the cases last above cited, I am compelled to hold the evidence was competent, and the stipulation, or condition, that it should fit the safe could be made by the defendant as a condition precedent to his liability upon the contract, and that the question was properly disposed of by the justice who tried the case below.

Judgment affirmed, with costs.