TAYLOR et al. v. ESSELSTYN.

(Supreme Court, Appellate Term. April 8, 1909.)

**1.** SALES (§ 479*) — CONDITIONAL SALES — REMEDIES OF SELLER—NATURE AND FORM.

Where goods are sold under a contract reserving the title in the seller until the purchase price is paid, and providing for monthly installments of the purchase price, the seller cannot bring an action for goods sold and delivered and claim the entire price until all the installments are due; but after all the installments are due the seller has the right to either disaffirm the sale and replevy the goods, or of enforcing the sale and suing for the price, until by some unequivocal act he indicates his election.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1420–1436; Dec. Dig. § 479.*]

**2.** SALES (§ 479*)—INSTALLMENTS ON CONDITIONAL SALE.

The seller, under a contract of conditional sale of goods, is entitled to interest on the installments from the date when they are due, without any demand.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 479.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Joseph F. Taylor and Edwin M. Miller, copartners doing business as J. F. Taylor & Co., against Jacob B. Esselstyn. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Louis T. Noonan, for appellant.

Howard Hasbrouck, for respondents.

LEHMAN, J. This is an action for goods sold and delivered under a contract for the sale of books at the agreed price of $80, to be paid in monthly installments of $4 each; title to remain in the plaintiffs until the payments are completed. The plaintiffs introduced the contract in evidence, and proved the delivery of the books, the payment of one installment, and that all the remaining installments were then due and owing. The appellant claims that, inasmuch as the contract reserved the title in the plaintiffs until the payments were complete, the plaintiffs cannot bring an action based on the theory of title having passed to the defendant upon delivery.

Until all the installments were due the plaintiffs could not bring an action for goods sold and delivered and claim the entire piece (Mansfield v. Strauss [Sup.] 68 N. Y. Supp. 682); but after all the payments were due the plaintiffs could regard this contract as a cash sale made upon the same reservation of title. They would thereupon have the election of disaffirming the sale and replevying the goods, or of enforcing the sale and suing for the price. Kirk v. Crystal, 118 App. Div. 32, 103 N. Y. Supp. 17, affirmed without opinion Seaboard Nat. Bank v. Bank of America, 193 N. Y. 26, 85 N. E. 829. Until they have indicated their election by some unequivocal act, they have the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right to affirm or disaffirm the sale. In this case they have not previously made such election by demanding back the books, although it appears that they may have suggested that a return of the books voluntarily by the defendant would make a proper adjustment.

The plaintiffs, therefore, have a right to maintain this action. They are entitled to interest upon the installments from the date when they were due, without any demand.

The judgment should be affirmed, with costs. All concur.