AMERICAN MULTIGRAPH SALES CO. v. FRED R. JONES & CO.

(Supreme Court, Appellate Term.   December 22, 1909.)

1. SALES (§ 355*)—ACTIONS—PLEADING—VARIANCE.
    There was no variance between a complaint for "goods sold and delivered," under a written contract of conditional sale, and proof of a breach of contract; there having been delivery and all the purchase price being due.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 355.*]

2. EVIDENCE (§ 442*)—PAROL EVIDENCE AFFECTING WRITINGS.
    Where a written contract for the sale of a machine was complete on its face, evidence as to any guarantee not contained in the contract was inadmissible.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899; Dec. Dig. § 442.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the American Multigraph Sales Company against Fred R. Jones & Co.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Charles R. Bradbury, for appellant.

Truax A. Watson, for respondent.

GOFF, J.   Defendant signed and delivered to plaintiff a paper writing, which, omitting details not essential, was as follows:

"American Multigraph Sales Company, Cleveland, Ohio. Feby 25, 1909.

"Gentlemen: Please ship f. o. b., our office to Fred R. Jones Co. No. 4 Gammeter Multigraph, style Elite.   Type regular keyboard.   Terms 30 days net, or 2% 10 days for which we agree to pay three hundred dollars.   It is hereby agreed that the title of the said Gammeter Multigraph shall not pass until the purchase price or any judgment for the same is paid in full and shall remain your property until that time.   It is mutually understood and agreed that the billing of the machine is one of convenience only and does not carry title with it.   It is also agreed that this order is not subject to cancellation. See back of order blank for copy of machine guarantee.   This contract covers all agreements, express or implied, between the parties hereto.
        "[Signed]   Fred R. Jones Company, Address, 78 Broad St. N. Y."

The following words appear on the back of the paper:

"Machine Guaranty.   We agree to keep the machine in good order for one year from date of sale.   Natural wear, abuse, Fire and Accident excepted.   We

do not guarantee type or impression plates against wear, but if it is proven conclusively that either is in any way defective, we will replace same without charge.    The American Multigraph Sales Co."

Defendant appeals from a judgment against him for the purchase price of the machine above mentioned, which is a writing machine, and was purchased for the purpose of typing defendant's market letters. The complaint was for goods sold and delivered. The answer set up fraud in representations made by plaintiff's agent inducing defendant to purchase the machine, and the worthlessness of the machine to accomplish the purpose for which it was purchased.

Appellant contends that there was a variance between pleading and proof; the pleading being "goods sold and delivered" and the proof, breach of contract, the paper writing having been received in evidence. His contention is untenable. The contract was one of conditional sale. There had been delivery and all the purchase price was due. Taylor v. Esselstyn, 62 Misc. Rep. 633, 115 N. Y. Supp. 1105. In proof of defendant's allegation of fraud the court allowed evidence to be introduced (over plaintiff's objection and exception) to the effect that at the time of signing the paper writing above mentioned plaintiff's selling agent agreed to demonstrate at defendant's office that the machine would print defendant's market letter quickly, neatly, and accurately; that the machine, when delivered, proved incapable of doing the work, and he offered to produce it in court. His offer was denied by the court. Aside from the facts that he did not offer the machine in evidence and took no exception to the ruling, there was no evidence that the machine was then in the same condition as when delivered, and, beyond this, it was incompetent to offer in evidence any guaranty other than that contained in the instrument itself, which was full and complete on its face. Gormully v. Cross, 25 Misc. Rep. 336, 55 N. Y. Supp. 527; Globe Soap Co. v. Liss, 36 Misc. Rep. 199, 73 N. Y. Supp. 153; Doolittle v. Fitchett, 35 Misc. Rep. 529, 71 N. Y. Supp. 1124.

Appellant contends that there was reversible error because of uncontradicted evidence of statements by plaintiff's agent to the effect that the machine would write defendant's market letter quickly and uncontradicted evidence that it would not do so. This class of testimony was duly objected to by plaintiff, and exception taken. It is incompetent under the above cited decisions.

Other contentions of the appellant are that the certificate of the Secretary of State of the state of New York, authorizing the plaintiff to do business in this state, should not have been received, but it is in proper form; and that the court below did not permit witness to answer certain questions bearing on the fact that the machine was not capable of writing plaintiff's market letter, questions which under the above authorities were incompetent.

Judgment affirmed, with costs.

GIEGERICH, J., concurs.    LEHMAN, J., concurs in result.