SHIPLEY CONSTRUCTION & SUPPLY CO. v. MAGER et al.   (No. 6612.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

1. APPEAL AND ERROR (§ 927*)—PRESUMPTIONS—DIRECTED VERDICT.

Where a verdict has been directed for defendant, plaintiff, on review, is entitled to the most favorable view of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. § 927.*]

2. TROVER AND CONVERSION (§ 9*)—CONDITIONAL SALE—REMEDIES OF SELLER —DEMAND AGAINST PURCHASER FROM BUYER.

A purchaser, coming into possession of property sold under a contract of conditional sale, pursuant to a judgment in a foreclosure action against the buyer, was rightfully in possession, and a demand was necessary to make his detention wrongful and authorize the seller's action for conversion; but no demand could be made on him until his payment of the purchase price and receipt of the referee's deed, since until then he could not surrender possession to the conditional seller.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 58–83; Dec. Dig. § 9.*]

3. SALES (§ 479*)—CONDITIONAL SALE—"OR."

Under a contract for the conditional sale of ice-making machinery, whereby the seller retained title until payment of the entire purchase price and could elect to declare the entire balance due on default, "or" to enter the premises and retake possession, and the right to file a mechanic's lien for labor and material furnished under the contract, the word "or" was used strictly in the disjunctive sense, and on the seller's election to retake possession the sale was to be in effect rescinded, and the seller, by electing to declare the entire balance due on default in payment of the first check, and subsequently filing its mechanic's lien, made an irrevocable election to have title pass to the purchaser in foreclosure proceeding against the buyer, and to depend upon its remedies by action and on its mechanic's lien to recover the purchase price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1432, 1434–1438; Dec. Dig. § 479.*

For other definitions, see Words and Phrases, First and Second Series, Or.]

4. SALES (§ 480*)—CONDITIONAL SALES—REMEDIES OF SELLER—PLEADING— DEFENSES.

A purchaser under foreclosure proceeding against a buyer under a contract of conditional sale, sued for conversion, under his general denial

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

putting in issue the seller's claim of title, might set up the defense of the seller's election of remedies, thus disproving the seller's presumptive title by showing that by reason of such election title passed to him.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1439–1448; Dec. Dig. § 480.*]

Appeal from Trial Term, New York County.

Action by the Shipley Construction & Supply Company against Martin Mager and another. Judgment for defendants, and plaintiff appeals. Affirmed.

This is an action for the conversion of ice-making machinery forming part of a refrigerating plant sold and installed by plaintiff on the premises of the Seitz Brewing Company, in the borough of Brooklyn, New York, between the 15th day of March and the 6th day of July, 1911, under and pursuant to a contract in writing made and executed between the plaintiff and said brewing company under date of February 24, 1911. The contract price was $11,700, to be paid $2,000 in cash on the completion of the work, not later than June 1, 1911, and the balance to be evidenced by six notes, to be dated and delivered when the first payment should be made, one for $2,000 to be due September 1, 1911, and two for $2,000 each to be due October 1, 1911, one of which was to be subject to two renewals for specified periods, and one for $1,500, to be due October 1st and to be renewed for a specified period, and one for $1,500, to be due October 1st and to be renewed for a specified period, and one for $2,200 to be due October 1st and subject to two renewals for periods specified. The further provisions of the contract material to this appeal are as follows:

"It is further expressly agreed that the title to and ownership of the machinery, apparatus, or plant herein contracted for shall remain in the Shipley Construction & Supply Company until the entire purchase price herein agreed to be paid, and all notes and other securities given to secure the same or any part thereof, shall be actually paid in cash; and in case of failure or refusal on the part of the party of the second part to make the payments, of any of them, when due under this contract, or to make settlement by the execution and delivery of notes or other obligations as hereinbefore agreed, or to pay any note that may be given by the party of the first part when the same shall fall due, that then and in any of such events the whole of the unpaid portion of the purchase money, howsoever secured and whenever payable, arising under this contract, shall thereby at the option of the said party of the first part become immediately due and payable; or in case of such default on the part of the party of the second part, the party of the first part shall thereupon have the right to enter upon the premises upon which such machinery, apparatus, or plant is installed, and by its agents, representatives, and employés take possession of and remove the same, and the party of the second part shall afford every facility therefor; and it is hereby further agreed that in case said machinery, apparatus, or plant shall be taken by the party of the first part under this agreement, by reason of default by the party of the second part as hereinbefore set forth, that then and in any such case the party of the second part shall pay the party of the first part all expenses incurred by the party of the first part under this contract, and for all damages to the party of the first part arising from the wear and tear of the said machinery, apparatus, or plant, and such further sum of money as will reasonably compensate the party of the first part for the use or rental by the party of the second part of the said machinery, apparatus, or plant, which said rental is hereby fixed and agreed to be 6 per cent. per annum upon total purchase price herein agreed to be paid, and to be calculated from the date when the machinery, apparatus, or plant herein contracted for is erected ready to charge; but the foregoing provisions shall in no wise alter or impair the obligations of the party of the second part to keep said machinery, apparatus, or plant in good condition while in the custody of the party of the second part, nor in any wise release the

party of the second part from the liability to pay to the party of the first part all damage to such machinery, apparatus, or plant which may be occasioned by the negligence, carelessness, or abuse thereof by the party of the second part, his representatives or employés. And it is further agreed by the party of the second part that the party of the first part shall have the right to file a mechanic's lien for materials and labor furnished under this contract, and this stipulation is hereby declared to be notice to the party of the second part, owner or reputed owner of the property, as given at the time of furnishing the materials and labor for said plant, or for said repairs, alterations, or additions herein provided for, of the intention to file a lien and a waiver of any other notice of such intention."

A check was given for the first payment, and the notes were executed as contemplated by the contract. The check was not paid; and on the 1st day of August, 1911, plaintiff brought an action thereon, and at the same time elected, pursuant to the provisions of the contract, that all the notes should become due and payable immediately, and brought an action thereon, alleging that it had so elected. It recovered judgment in the action on the check on the 30th day of August, 1911; but the judgment has not been paid. On the 11th day of August, 1911, pursuant to the reservation of the right so to do in the contract, the plaintiff filed a mechanic's lien against the premises for the entire contract price, together with a claim for extra work. On the 5th day of February, 1912, an action for the foreclosure of a mortgage on the premises prior to the making of the contract between the plaintiff and the brewing company was commenced, and the plaintiff herein was made a party defendant. The complaint therein alleged that the plaintiff in this action claimed some lien on the mortgaged property, but that such lien was subsequent and inferior to that of the plaintiff therein. The judgment roll in that action was received in evidence, but is not printed in full in the record. Judgment of foreclosure and sale was duly entered in this action, and pursuant thereto the premises were sold on the 10th day of July, 1912. The attorney for the plaintiff appeared at the sale, and before the sale read a formal notice, calling upon "Whom It may Concern" to take notice that the premises were subject to a lien in favor of the plaintiff and another lien in favor of the York Manufacturing Company, the plaintiff in a companion action, under and pursuant to conditional sales of material, specifying the amounts unpaid under the contracts, and stating *that the sum of $2,000 only had been paid to the plaintiff on account of its contract,* and drawing attention also to the provision of the contract by which the vendors "have the right to and do elect to enter said premises and take therefrom any and all materials furnished by them, under said contracts," and giving notice to any intending purchaser that said vendors would forthwith remove said materials.

This was the first act on the part of the plaintiff indicating an intention to elect to reclaim the property. A witness called by plaintiff testified that, pursuant to the direction of the attorney for plaintiff, he had an interview with the defendant Mager at the courthouse in Jamaica on the 11th day of July, 1912, and read to him a formal demand on behalf of the plaintiff and the York Manufacturing Company, addressed to the defendants, for the machinery placed in the brewing company's plant under the contracts of the respective companies for the conditional sale of the machinery of which notice was given at the foreclosure sale. The defendants did not receive the referee's deed of the premises on the foreclosure sale until the 25th of July, or two weeks after this alleged demand, and there is no evidence that they were in possession or control of the property or able to comply with the alleged demand on the 11th of July; but the person who made the demand testified that Mager laughed at him and stated that the vendors could not get the machinery, and that they ought to know better, that they no longer had any right to the machinery, and that he had bought it and intended to keep it. His testimony on this point, however, was controverted by that of Mager.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Isaac N. Miller, of New York City (Jacob Landy, of New York City, on the brief), for appellant.

Joseph Rowan, of New York City (Franklyn M. Silverstein, of New York City, on the brief), for respondents.

LAUGHLIN, J. [1, 2] A verdict having been directed, the plaintiff on this review is entitled to the most favorable view of the evidence. If the defendants came into possession of the property pursuant to the judgment in the foreclosure action, they were rightly in possession, and a demand was essential to make their detention wrongful and authorize an action for conversion. It is manifest that there could be no lawful demand until the defendants came into possession of the property. Having no title, or possession, or right to possession, until payment of the purchase price and the receipt of the referee's deed, they could not have surrendered possession of the property to the plaintiff. The verdict, therefore, must be permitted to stand upon this, if upon no other, ground.

[3] We are also of opinion that the plaintiff, by electing, pursuant to the provisions of the conditional bill of sale, to declare the entire balance due on default in paying the check for the first payment, and by bringing action thereon alleging such election, and by subsequently filing the mechanic's lien, made an irrevocable election to have title pass to the vendor and to depend upon its remedies by action and on its mechanic's lien to recover the purchase price. Kirk v. Crystal, 118 App. Div. 32, 103 N. Y. Supp. 17. When all the provisions of the contract quoted are considered, it is quite plain, I think, that the word "or," in the clause of the contract relating to the plaintiff's election of remedies, was used strictly in a disjunctive sense, and that it was intended that the vendor should, in the event therein stated, elect whether to declare the entire amount due, and proceed to collect the same, or to reclaim the property. The provisions regulating the rights of the parties in the event that the vendor should elect to reclaim the property show quite clearly that in that event it was intended that the property should not be held as security, but that the sale should be, in effect, rescinded, and that the vendor should retain any moneys paid as for reasonable value of the use of the property by the vendee.

The appellant relies principally upon Ratchford v. Cayuga County Cold Storage Co., 159 App. Div. 525, 145 N. Y. Supp. 83; but that case is clearly distinguishable upon the facts. In the first place, it does not appear that the contract there before the court contained provisions with respect to an election of remedies, such as are in the contract now under review, nor any provision on that subject. Moreover, there was there no election by which the vendor obtained greater rights than were contemplated if the sale were consummated. The vendor merely sued for the final installment of the contract price when the same became due and payable; and inasmuch as it was expressly provided that title should not pass until payment in full, it was held that the bringing of such action did not have the effect of transferring the title. But here, there was an election which the plaintiff could not

recall; and after that it was without authority to claim the property, and was left to its remedies to recover the purchase price.

[4] There is no force in the contention of counsel for the appellant that the court erred in permitting the defendants to avail themselves, under a general denial, of the defense of an election of remedies. The defendants put in issue the plaintiff's claim of title, and the evidence offered by the defendants was on that issue. See Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803. They merely disproved plaintiff's presumptive title, by showing that title passed to vendee by its election of remedies.

It follows, therefore, that the judgment should be affirmed, with costs.

INGRAHAM, P. J., and McLAUGHLIN and DOWLING, JJ., concur. HOTCHKISS, J., concurs, on the ground that the filing of the mechanic's lien was an election and that the demand was too late.