JAMES E. RATCHFORD, as Trustee, Appellant, v. CAYUGA COUNTY COLD STORAGE AND WAREHOUSE COMPANY et al., Defendants, and YORK MANUFACTURING COMPANY, Respondent.

Election of remedies — conditional sale — action by vendor to recover installment of purchase price — when such action does not prevent vendor from retaking property under the contract of conditional sale.

Where two inconsistent remedies, proceeding upon irreconcilable claims of right, are open to a suitor, the choice of one bars the other.   But to have that effect the remedies must be inconsistent. Where a contract of conditional sale provided that the title to the property sold thereby was to remain unchanged until the purchase price was paid in full, and the vendor brought an action against the vendee for an unpaid installment of that price and obtained a judgment therefor, the vendor did not, by so doing, forfeit his title to the property; and, if unable to obtain payment of such judgment, or of the installment of the purchase price, he may retake the property under the contract of conditional sale.   There is no inconsistency between the attempt to get money due under the contract and a reservation of title if the attempt is not successful.

*Ratchford* v. *Cayuga Co. Cold Storage & Warehouse Co.*, 159 App. Div. 525, affirmed.

(Argued March 17, 1916; decided April 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 10, 1914, modifying and affirming

as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William F. Canough* for appellant. The York Manufacturing Company, by bringing an action against the Cayuga County Cold Storage and Warehouse Company for goods sold and delivered, prosecuting the same to judgment and making said judgment a lien on other property, thereby elected to pass and did pass the title to said refrigerating apparatus to the cold storage company. (*Wright* v. *Pierce*, 4 Hun, 351; *Cooper* v. *Payne*, 111 App. Div. 785; 190 N. Y. 512; *Kirk* v. *Crystal*, 118 App. Div. 32; 193 N. Y. 622; *Earl* v. *Robinson*, 91 Hun, 363; 157 N. Y. 683; *O'Rourke* v. *Hadcock*, 114 N. Y. 541; *Droege* v. *Ahrens & Ott Mfg. Co.*, 163 N. Y. 466; *White* v. *Gray's Sons*, 96 App. Div. 154; *Orcutt* v. *Rickenbrodt*, 42 App. Div. 238; *Nelson* v. *Gibson*, 143 App. Div. 894; *Avery* v. *Chapman*, 127 N. Y. Supp. 721; *Pels & Co.* v. *Oltarsh Iron Works*, 129 N. Y. Supp. 371; *York Mfg. Co.* v. *Mager*, 165 App. Div. 869.)

*Harry V. Clements* for respondent. The property covered by the conditional sale contract retained its character as personal property as against the owner of the real estate and as against plaintiff, who was a prior (not a subsequent) mortgagee. (Pers. Prop. Law, § 62; *Tifft* v. *Horton*, 53 N. Y. 377; *Duntz* v. *Granger Brewing Co.*, 41 Misc. Rep. 177; 96 App. Div. 631; 184 N. Y. 595; *Davis* v. *Bliss*, 187 N. Y. 77; *Fitzgibbons Boiler Co.* v. *Mahasset Realty Corp.*, 125 App. Div. 764; 198 N. Y. 517; *Central Union Gas Co.* v. *Browning*, 210 N. Y. 10.) Upon the failure of the vendee cold storage company to pay as provided by the contract of sale the respondent had a right to sue for the balance due and unpaid, without affecting its right to security as provided. (*Gray* v. *Booth*, 64

App. Div. 231; *Marvin Safe Co.* v. *Emanuel*, 21 Abb.
[N. C.] 181; *Bierce* v. *Hutchins*, 205 U. S. 340.) The
respondent by instituting action to recover the balance
due and unpaid, according to the terms of agreement,
did not elect to abandon its holding of title to the prop-
erty as security for the purchase price. (*Manning & Co.*
v. *Keenan*, 73 N. Y. 45; *National Cash Register Co.* v.
*Coleman*, 85 Hun, 125; *Brewer* v. *Ford*, 54 Hun, 116;
59 Hun, 19; 126 N. Y. 643; *G. & J. Mfg. Co.* v. *Cath-
erine*, 25 Misc. Rep. 338; *American Box Machine Co.* v.
*Zentgraf*, 45 App. Div. 522; *Hobart Elect. Co.* v. *Rooder*,
121 N. Y. Supp. 274; *Root* v. *Lord*, 23 Vt. 568; *Fuller*
v. *Byrne*, 102 Mich. 461; *Canadian Typo. Co.* v. *Mac-
gurn*, 119 Mich. 533; *Thomason* v. *Lewis*, 103 Ala. 426;
*Montgomery Iron Works* v. *Smith*, 98 Ala. 644; *Jones* v.
*Snyder*, 99 Ga. 276; *Vaughn* v. *Hopson*, 10 Bush, 337;
*Dedrick* v. *Wolfe*, 68 Miss. 500.)

CARDOZO, J.   The action is brought to foreclose a mort-
gage. The mortgage was made by the Cayuga County
Cold Storage and Warehouse Company on December 1,
1909, and covers its plant in the city of Auburn. The
mortgaged property includes "all machinery, pipes,
refrigerating apparatus, appliances, etc., now upon said
premises or hereafter to be acquired." After the execu-
tion of the mortgage, the respondent York Manufactur-
ing Company sold to the Cayuga County Cold Storage
and Warehouse Company refrigerating machinery and
apparatus under a contract of conditional sale. The
machinery and apparatus did not cease to be personal
property though affixed to the building (*Central Union
Gas Co.* v. *Browning*, 210 N. Y. 10; *Fitzgibbons Boiler
Co.* v. *Manhasset Realty Corp.*, 125 App. Div. 764; 198
N. Y. 517). The contract provides "that the title to and
ownership of the machinery, apparatus or plant herein
contracted for shall remain in the vendor until the entire
purchase price herein agreed to be paid, and all notes and

other securities given to secure the same or any part thereof, shall be actually paid in cash." It also provides that in case of the failure of the vendee to make any of the payments, the vendor shall have the option to declare the remaining payments due, or in case of such default may enter and retake the property. The consideration to be paid for the refrigerating plant was $2,350, divided into four payments of $587.50 each. The vendee made all the payments except the last. The vendor sued the vendee for the unpaid installment of $587.50, with interest, and obtained a judgment for that amount, which has never been paid. The appellant claims that by suing for the contract price and obtaining judgment therefor, the vendor forfeited the right to regain possession of the property, and made the title of the vendee absolute, though it had been conditional before.

The question depends for its answer upon the law of election of remedies. Where two inconsistent remedies, proceeding upon irreconcilable claims of right, are open to a suitor, the choice of one bars the other. But, to have that effect, the remedies must be inconsistent. We find no inconsistency here. The contract says that title is to remain unchanged till the price is paid in cash. The vendor had the right to receive the price, and brought an action to get it. The judgment preserves the obligation of the vendee's promise to make payment, but puts it in another form. There is no inconsistency between an attempt to get the money and a reservation of title if the attempt is not successful. In asserting title the vendor does not treat the contract as void in its inception (*Elterman* v. *Hyman*, 192 N. Y. 113; *Davis* v. *Rosenzweig Realty Op. Co.*, 192 N. Y. 128). The contract is treated as subsisting, and enforced according to its terms.

Our conclusion that the conditional vendor may sue for an installment of the price, and afterwards, if unable to obtain payment, retake the property, has support in many decisions (*American Box Machine Co.* v. *Zentgraf*, 45

App. Div. 522; *Manning, Bowman & Co.* v. *Keenan,* 73 N. Y. 45, 51; *Brewer* v. *Ford,* 54 Hun, 116; 59 Hun, 17, 19; 126 N. Y. 643; *Campbell Printing Press & Mfg. Co.* v. *Rockaway Publishing Co.,* 56 N. J. L. 676; *Canadian Typo. Co.* v. *Macgurn,* 119 Mich. 533; *Durr* v. *Replogle,* 167 Pa. St. 347, 352). If in other jurisdictions there are decisions to the contrary, we cannot follow them. Some of the cases cited as inconsistent with our conclusion may be distinguished. In some the conditional vendor had filed a mechanic's lien. Such a lien involves a concession that the thing sold has ceased to be personal property, and has become an improvement of the real estate (*Kirk* v. *Crystal,* 118 App. Div. 32; 193 N. Y. 622). In other cases, the vendor retook the property first, and then tried to recover the unpaid installments (*Kelley Springfield Road Roller Co.* v. *Schlimme,* 220 Pa. St. 413; *Minneapolis Harvester Works* v. *Hally,* 27 Minn. 495; *McBryan* v. *Universal Elevator Co.,* 130 Mich. 111). Of course, when the property has been retaken, the right to receive payment is at an end. In other cases the vendor elected upon default to declare the future payments due, and recovered judgment for the total price (*Shipley Const. & Supply Co.* v. *Mager,* 165 App. Div. 866; *Whitney* v. *Abbott,* 191 Mass. 59, 63). We do not attempt to determine whether a different conclusion follows where payments have been thus anticipated. No such question is involved in the case before us. The vendor sued for the installment in default, and nothing else. In doing so it did not renounce its title any more than it would have done by the acceptance of a note (*Bierce, Ltd.,* v. *Hutchins,* 205 U. S. 340, 347).

The judgment should be affirmed, with costs.

Willard Bartlett, Ch. J., Hiscock, Chase, Collin, Hogan and Seabury, JJ., concur.

Judgment affirmed.