HEATING AND PLUMBING FINANCE CORPORATION, Respondent, v. MOSES FRIEDMAN, Defendant, and 222–224 METROPOLITAN AVENUE CORPORATION, Appellant.

286

(Argued April 16, 1934; decided May 22, 1934.)

*Adolph Feldblum, Alfred B. Nathan* and *Benjamin Lewis* for appellant. By virtue of the provisions of section 80-d of the Personal Property Law (Cons. Laws, ch. 41), the filing and continuance of the notice of mechanic's lien by plaintiff's assignor constituted an election which precludes plaintiff from regaining possession of the chattels sought to be replevied. (*Ratchford* v. *Cayuga Co.*, 217 N. Y. 565; *Brownsville South Realty Co.* v. *Bayway Bldg. Corp.*, 221 App. Div. 874; *Matter of Emerson* v. *Buck*, 230 N. Y. 380; *Matter of Bristol* v. *Buck*, 201 App. Div. 100; 234 N. Y. 504; *Cooper-Snell Co.* v. *State*, 230 N. Y. 249; *Tompkins* v. *Hunter*, 149 N. Y. 117; *Matter of De Peyster*, 210 N. Y. 216; *Waters & Co.* v. *Gerard*, 189 N. Y. 302; *Kirk* v. *Crystal*, 118 App. Div. 32; 193 N. Y. 622; *Shipley Constr. & Supply Co.* v. *Mager*, 165 App. Div. 866; 221 N. Y. 679; *York Mfg. Co.* v. *Mager*, 165 App. Div. 872; *Barbour Heating & Elec. Co.* v. *Ewing*, 16 Ala. App. 280; *Hickman* v. *Richburg*, 122 Ala. 638; *Fire Protection Co.* v. *Hawkey Tire & Rubber Co.*, 8 Fed. Rep. [2d] 810.)

*Arthur A. Atha* and *J. Hibbard Taylor* for respondent. Plaintiff is not precluded from regaining possession of the chattels sought to be replevied. (*Rapid Fireproof Door Co.* v. *Largo Corp.*, 243 N. Y. 482; *Warner Elevator Mfg. Co.* v. *Capital Investment B. N. L. Assn.*, 127 Mich. 323; *Arctic Ice Machinery Co.* v. *Armstrong County Trust Co.*, 192 Fed. Rep. 114; *Bierce, Ltd.*, v. *Hutchins*, 205 U. S. 340.)

CRANE, J. To the Personal Property Law (Cons. Laws, ch. 41) was added a new section by chapter 642 of the Laws of 1922, known as section 80-d. It reads: "After the retaking of possession as provided in section seventy-six the buyer shall be liable for the price only after a resale and only to the extent provided in section eighty-b. Neither the bringing of an action by the seller for the recovery of the whole or any part of the price, nor the recovery of judgment in such action, nor the collection of a portion of the price, shall be deemed inconsistent with a later retaking of the goods as provided in section seventy-six. But such right of retaking shall not be exercised by the seller after he has collected the entire price, or after he has claimed a lien upon the goods, or attached them, or levied upon them as the goods of the buyer."

The part of this section which we are called upon to apply in this case is that portion which states that the seller cannot retake his goods after he has claimed a lien upon them.

The complaint alleges that the plaintiff is the owner and entitled to the immediate possession of boilers and radiators which were installed in 222–224 Metropolitan avenue, in the borough of Brooklyn, city and State of New York; that on the 29th day of July, 1930, one Moses Friedman, a defendant, signed a conditional bill of sale to Rifkind & Marshall covering these chattels, and that the defendant and his successor in interest, 222–224 Metropolitan Avenue Corporation, have defaulted in the terms of said conditional bill of sale. Due filing and

assignment by Rifkind & Marshall to the plaintiff herein were also alleged, together with a demand for the chattels.

The answer sets forth the matter which is the basis for the defendant's motion for judgment on the pleadings. This matter is set up as a separate and distinct defense and is admitted by the reply subsequently served by the plaintiff. It appears from the answer that the boilers, pipes and radiators mentioned in the complaint were installed in the premises mentioned and that thereafter, on or about the 6th day of December, 1930, or five months after the giving of the conditional bill of sale, Rifkind & Marshall filed in the office of the county clerk of Kings county a notice of mechanic's lien, wherein they claimed a lien by reason of the installation in the said premises of these boilers, pipes and radiators mentioned in the complaint.

The next year and on the 14th day of November, 1931, the said vendors procured an order from the Supreme Court of Kings county, continuing said lien for a period of one year from said date.

The mechanic's lien thus filed attached not only to the real property (222–224 Metropolitan avenue) but to all the improvements upon the property, including the boilers, pipes and radiators installed by the vendor-lienors. (Lien Law, art. II, § 3; Cons. Laws, ch. 33.)

These facts bring this case directly within the provision of section 80-d of the Personal Property Law, above quoted. The plaintiff, assignee of Rifkind & Marshall, cannot retake this property under claim of ownership for by the filing of the mechanic's lien, attaching to the property, they have conceded title in the defendant or owner of the realty. Not only does the statute apply to which we must give force and effect, but the inconsistent position taken by Rifkind & Marshall amounts to an election of remedies. This was the law even prior to 1922 when section 80-d of the Personal Property Law came into force and effect. (*Kirk* v. *Crystal*, 118 App. Div. 32; affd.,

193 N. Y. 622; *Shipley Construction & Supply Co.* v. *Mager*, 165 App. Div. 866; affd.; 221 N. Y. 679.) (See, also, *Ratchford* v. *Cayuga County Cold Storage & Warehouse Co.*, 217 N. Y. 565; *Brownsville South Realty Co.* v. *Bayway Building Corp.*, 221 App. Div. 874.) The filing of this notice of lien was the assertion of a claim irreconcilable and inconsistent with the demand made in this action. The mechanic's lien claim was predicated upon the fact that the title to the boilers and radiators had passed from the plaintiff's assignors to the defendant realty owner, while here the claim is that title never passed; that it always remained in Rifkind & Marshall and their assignees. The choice of one remedy having been made and acted upon became final and the right to follow the other has gone. This is the statute and such was the law before the statute.

Much reliance has been placed below upon *Rapid Fireproof Door Co.* v. *Largo Corp.* (243 N. Y. 482), but this case dealt with personal property which was not affixed to the realty and upon which no lien could or did attach. Likewise *Bierce, Ltd.*, v. *Hutchins* (205 U. S. 340) relates to a lien which was bad so that no title could pass as to equipment which did not go into the railroad, and even if this be not so, this case and the others following it in the Federal courts (*Nauman Co.* v. *Bradshaw*, 193 Fed. Rep. 350, and *Arctic Ice Machinery Co.* v. *Armstrong County Trust Co.*, 192 Fed. Rep. 114) were not controlled by statutes similar to our own.

For the reasons here stated, the orders should be reversed and the defendant-appellant's motion for judgment on the pleadings, dismissing the complaint, granted, with costs in all courts. The question certified should be answered in the affirmative.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.