## In re FRANKLIN GARDEN APARTMENTS, Inc.

### No. 40414.

District Court, E. D. New York.

Oct. 29, 1941.

Zalkin & Cohen, of New York City (Theodore B. Wolf, of New York City, of counsel), for trustee.

William Walzer, of New York City, and Aaron Powsner, of Brooklyn, N. Y. (Raymond Gitlin, of New York City, of counsel), for creditors' committee.

Edward Wagreich, of New York City, for Kahn Bros. Blinds & Shades, Inc.

GALSTON, District Judge.

Kahn Bros. Blinds & Shades, Inc., filed a proof of claim against the debtor in the sum of $1,469.21, which recites that the corporation had not received any security or securities for the debt except that "claimant has filed a notice of mechanics lien and also a conditional bill of sale."

Thereupon the trustee moved before the referee in bankruptcy to have the conditional bill of sale adjudged void.

It appears that the conditional bill of sale was filed on December 5, 1940, in the office of the Register of Queens County and purports to reserve to the claimant title to 728 venetian blinds sold by the claimant to the debtor for installation in the debtor's premises in Richmond Hill, New York.

Thereafter, on February 3, 1941, the claimant also filed a mechanic's lien against the premises in the office of the Clerk of the County of Queens. The mechanic's lien relates to the identical claim recited in the conditional bill of sale.

The referee, on the authority of Heating & Plumbing Finance Corporation v. Friedman, 264 N.Y. 285, 190 N.E. 641, held that a conditional bill of sale and a mechanic's lien for the same obligation are inconsistent and that the subsequent filing of the mechanic's lien is tantamount to a surrender of the total claim of the vendor. Accordingly, the referee held the conditional bill of sale void and directed the claimant to execute any instrument necessary to effect the discharge and cancellation of the said bill of sale of record. The referee, however, allowed the claim in the sum as filed, secured by the mechanic's lien.

The claimant contends that the notice of mechanic's lien filed subsequent to the filing of the conditional bill of sale does not constitute a waiver and urges that there is no authority for this court to declare the conditional bill of sale void or direct cancellation thereof without a plenary action.

The respective substantive rights of the parties are determined by local law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. The Court of Appeals of New York considered the effect of a subsequent filing of a mechanic's lien after a conditional sale had been filed. The opinion calls attention to Sec. 80-d of the Personal Property Law which in part, referring to the right of the conditional vendor to re-take possession, provides: "But such right of re-taking shall not be exercised by the seller after he has collected the entire price, or after he has claimed a lien upon the goods, or attached them, or levied upon them as the goods of the buyer."

It was said by the Court of Appeals that the inconsistent positions taken by the vendor amounted to an election of remedies.

"The filing of this notice of lien was the assertion of a claim irreconcilable and inconsistent with the demand made in this action. The mechanic's lien claim was predicated upon the fact that the title * * * had passed from the plaintiff's assignors to the defendant realty owner, while here the claim is that title never passed; that it always remained in Rifkind & Marshall and their assignees. The choice of one remedy having been made and acted upon became final, and the right to follow the other has gone." [264 N.Y. 285, 190 N.E. 643].

The effect of this construction of Sec. 80-d of the Personal Property Law of the State of New York is inescapable in the proceeding here. The claimant on the facts has waived its title to the property described in the conditional bill of sale and the debtor is entitled to have the conditional bill of sale vacated. The bankruptcy court has jurisdiction over the property in the possession of the trustee of the debtor and is empowered to determine liens and claims in respect thereto, Isaacs v. Hobbs Til & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Gross v. Irving Trust Company, 289 U.S. 342, 53 S.Ct. 605, 77 L. Ed. 1243, 90 A.L.R. 1215; and the bankruptcy court may summarily determine questions of law relative to its jurisdiction or to the validity of liens, In re 188 West Randolph St. Building Corporation, 7 Cir., 88 F.2d 257; Harris v. Avery Brundage Co., 305 U.S. 160, 59 S.Ct. 131, 83 L.Ed. 100. Moreover, here the claimant voluntarily submitted itself to the jurisdiction of this court by filing its claim and asserting its security. In the light of these cases the contention of the claimant that Sec. 72-b of the Personal Property Law gives a right of which it is now being deprived is without merit. That section provides:

"Vacating of a conditional sale contract, by order of court.

"A conditional sale contract may be vacated and canceled by an order of a court of record. Before such order shall be granted, a notice shall be served upon the seller, * * *. Such notice shall require the seller to commence an action * * * within a time specified in the notice, not less than thirty days from the time of service * * *."

This section relates to procedure in the state courts. No substantive right of the claimant has been invaded by forcing the issue for determination by this court.

The referee's order will be affirmed. Settle order on notice.