Ralph L. De Marzo, Doing Business as Kew Forest Fuel Oil, Plaintiff, *v.* Daniel Gatto et al., Defendants.

Supreme Court, Special Term, Queens County, October 1, 1953.

*Vincent Marcellino* for Marie C. Castorina, defendant.

*Jacob B. Gersten* for plaintiff.

Colden, J. Motion by defendant Castorina for an order dismissing the complaint for failure to state facts sufficient to constitute a cause of action.

Plaintiff brings this action to foreclose a mechanic's lien. The complaint alleges that plaintiff installed an oil-burning system in certain premises formerly owned by the defendants Gatto, but record title to which is presently in the name of the defendant Castorina. The sale and installation of the heating system were made pursuant to a conditional sales contract which provided, in part, as follows: " It is agreed that, irrespective of the method or character of installation, said chattels, and each and every part thereof, shall not become or be considered to form any part of the realty to or in which installed, but shall, at all times and under all circumstances, be and remain movable personal property."

The oil burner was installed between July 10, and July 12, 1952. On August 8, 1952, plaintiff filed a notice of lien in the office of the Clerk of the County of Queens.

Defendant contends that since the contract of sale upon which plaintiff relies specifically provides that the equipment shall remain movable personal property and shall not become part of the realty, plaintiff is barred from proceeding against the realty.

In *Heating & Plumbing Finance Corp.* v. *Friedman* (264 N. Y. 285), the converse of this proposition was presented. It was there held that a conditional vendor who files a mechanic's lien cannot thereafter repossess the chattels under the conditional sales contract. The court, at page 289, said: " The filing of this

notice of lien was the assertion of a claim irreconcilable and inconsistent with the demand made in this action. The mechanic's lien claim was predicated upon the fact that the title to the boilers and radiators had passed from the plaintiff's assignors to the defendant realty owner, while here the claim is that title never passed; that it always remained in Rifkind & Marshall and their assignees. The choice of one remedy having been made and acted upon became final and the right to follow the other has gone. This is the statute and such was the law before the statute."

Whether a conditional vendor who has agreed that the chattels shall remain movable personal property may, by his own unilateral act of filing a mechanic's lien, convert them into realty against the will of the owner, we need not now decide.

Section 3 of the Lien Law provides, in part, as follows: " A contractor * * * who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof * * * shall have a lien for the principal and interest, of the value, or the agreed price, of such labor or materials upon the real property improved."

It is not claimed here that the oil-burning system has not improved the real property and under section 3 plaintiff is entitled to a lien upon the *real property* whether it includes the oil-burning system or not. It follows that the complaint is sufficient and defendant's motion must be denied. Submit order.