## (October 28, 1965)

■ SIEMENS & HALSKE GES. M. B. H., Appellant, *v.* INTERNATIONAL VISITORS CENTER, INC., et al., Respondents.

APPEAL from an order of the Supreme Court at Special Term entered June 17, 1965 in New York County, insofar as it denied a motion by plaintiff for summary judgment and granted in part a motion for an order dismissing the affirmative defenses.

Order, entered on June 17, 1965, so far as appealed from, affirmed, with $30 costs and disbursements to abide the event.

McNALLY, J. (dissenting). I dissent and vote to grant plaintiff's motion for summary judgment against defendant International Visitors Center, Inc. (IVC).

The action is to recover the balance due on the conditional sale for the sum of $25,500 of 1,500 electronic receivers for simultaneous translation to multilingual conventions. Plaintiff also seeks damages for the conversion thereof. The definitive facts are as follows:

The conditional sale contract was made March 9, 1962; it provided for monthly installments commencing July 1, 1962. Delivery was made June 5, 1962. Prior to the commencement of this action plaintiff received the sum of $4,419.46 by way of payments and returned parts, leaving a balance of $21,080.54.

The contract provides IVC may return the equipment within 11 months from the date of delivery, in which event the plaintiff is not required to refund the installments paid.

On July 17, 1963 IVC wrote to the plaintiff, in part: "With regard to the amount outstanding to you, we fully acknowledge this obligation and have every intention of honoring it."

On November 6, 1963, long after the expiration of the time within which IVC might return the equipment, it wrote to the plaintiff it intended to liquidate and "Under these circumstances we have no other choice but to return to you the equipment which we are holding under our long term purchase agreement. We would like to inform you that Mr. S. Hahn, President of Round Hill Associates, Inc. will continue, to some extent, our past activities and in this connection has expressed interest to continue an arrangement with Siemens, Vienna [the plaintiff]. Since Mr. Hahn is writing you directly in connection with this matter *we are holding the equipment pending your instructions.*" (Emphasis supplied.)

Mr. Hahn was one of the principals of both IVC and Round Hill Associates, Inc.

Plaintiff on December 5, 1963 responded to IVC's letter of November 6, 1963 advising: "Before we take a final position on your letter of November 6/1963,

we will wait for Mr. Hahn's visit to Vienna and for the outcome of the talks we will have with him. We must ask you to hold the sets at our disposal until such time."

Without plaintiff's knowledge, about one month prior to November 6, 1963 and on October 9, 1963, IVC had entered into a contract for the sale by IVC and the purchase by Hahn of all the interpretation equipment of IVC for the sum of $40,000. It was not until April 16, 1964 that Hahn wrote to the plaintiff that he had purchased the equipment from IVC "for a large sum of money" and advising the plaintiff: "International Visitors Center [defendant], though inactive, is still a corporate entity. I suggest you get in touch with them directly on any and all outstanding matters."

Hahn wrote to plaintiff on November 14, 1963 stating that he would like to assume the contract of IVC with the plaintiff. Nevertheless, Hahn, as did IVC, failed to inform plaintiff of the purchase and sale contract of October 9, 1963.

On June 12, 1964 plaintiff wrote to Hahn to inquire whether his purchase from IVC included plaintiff's equipment, to which Hahn made no response. No arrangement relative to the electronic receivers ever materialized between plaintiff and Hahn.

The sole opposing affidavit of Jacqueline Manrique, president of IVC, does not dispute the facts stated; it purports to set forth various defenses — waiver and estoppel, offer to return the receivers, novation and conspiracy. However, the answering affidavit fails to allege any facts or evidence in support of the defenses asserted. A motion for summary judgment may not be denied on the basis of surmise, conjecture and purely argumentative matter. (*Shapiro* v. *Health Ins. Plan of Greater N. Y.*, 7 N Y 2d 56, 63.)

On November 6, 1963 IVC did not have the right to return the equipment to the plaintiff; the belated offer IVC then made to hold the equipment pending plaintiff's instructions did not serve to terminate its obligation to the plaintiff for the purchase price and the plaintiff's abortive attempts at the instance of IVC to have Hahn assume the payment of the balance due on the equipment did not affect IVC's obligation therefor. The plaintiff's attempts to collect its due, short of the retaking of the equipment, do not constitute a waiver of its right to recover the purchase price. (*Ratchford* v. *Cayuga County Cold Stor. & Warehouse Co.*, 217 N. Y. 565, 568; Personal Property Law, § 80-d.) There is no meritorious defense to plaintiff's claim for the balance of the purchase price of the goods here involved and there are no factual issues relative to IVC's liability therefor.

Valente, Stevens and Steuer, JJ., concur in decision; McNally, J., dissents in opinion in which Breitel, J. P., concurs.

Order, entered on June 17, 1965, so far as appealed from, affirmed, with $30 costs and disbursements to abide the event, on the ground that the letter of December 5, 1963, set out in the dissenting opinion, raises an issue of fact as to the intent of the plaintiff as to what position it took consequent on defendant's default. The remedy would be consequent on that position.