## NIELSON v. SMITH.

No. 4997.   Decided March 8, 1933.   (19 P. [2d] 767.)

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellant.

*Benj. Spence,* of Salt Lake City, for respondent.

MOFFAT, Justice.

This is a suit on three negotiable promissory notes, executed by the defendant and negotiated by the payee to the plaintiff.

The defendant set up as an affirmative defense that, "all of said notes were secured by title to and a lien upon personal property, and that said security has not been exhausted." The document that defendant claims constituted the lien and secured title to personal property was received in evidence and constitutes a part of the record. Omitting the formal parts the agreement referred to reads as follows:

"1. That A. J. Nielson agrees to sell, assign, set over and transfer to John W. Smith all claims of every kind, nature and description to and against any and all personal property, whether specifically described or included in the general description herein contained, for the consideration of $1100.00, payable as follows:

"$300.00 on or before December 1, 1925; $400.00 on or before December 1, 1926; $400.00 on or before December 1, 1927. All deferred payments to bear interest at the rate of 6% per annum from date hereof until paid, and in consideration of the transfer of said property rights and interest of said Nielson in and to said personal property, the party of the second part hereby undertakes and agrees to pay the said sum of $1100.00 strictly in accordance with the terms and provisions herein above specified, and on failure to pay the same or any instalment when the same becomes due, at the option of the party of the first part, he shall forfeit all right, title and interest in and to said property.

"To evidence the purchase price of the said property herein agreed upon, the purchaser has this day made, executed and delivered to the seller three promissory notes bearing date of August 16, 1924, for the amounts, and payable as herein specified."

The notes, usual in form, make no reference to the contract or security of any form.

The only errors assigned relate to this agreement. Exception is taken to the trial court's finding No. 11, wherein the court found:

"That the said notes, or either of them, were not secured by a lien upon personal property or any other security at all."

Three propositions are argued: (1) That the so-called agreement is a conditional sales contract; (2) that the contract is an absolute sale; (3) that the contract is a sale with the retention of a lien equivalent to a mortgage on personal property. We think the first proposition may be disposed of without argument or citation of authority. We find nothing in the contract that can possibly be construed as a conditional sale. The clause: "On failure to pay the same or any instalment when the same becomes due, at the option of the party of the first part, (the seller,) he (the buyer) shall forfeit all right, title and interest in and to said property," is the only part of the document that makes any reference to title. The statement amounts to saying in the event of failure to pay the buyer shall forfeit his title. He cannot well forfeit what he did not have. If the document were construed as a conditional sale under the Idaho rule, "the commencing of an action upon a conditional note is an election to treat the sale as absolute and a waiver of recourse against the property." *Utah Implement Vehicle Co.* v. *Kesler,* 36 Idaho 476, 211 P. 1079, 1080, and cases cited. The Idaho rule, supra, seems to be contra to Comp. Laws Utah 1917, § 5165, subd. 2, which provides:

"The unpaid seller of goods, having a lien thereon, does not lose his lien by reason only that he has obtained judgment or decree for the price of the goods."

It seems that the option of the seller in this agreement to demand a forfeiture of title for failure by the buyer to pay confers no greater right than that conferred by the statute under the Uniform Sales Act. Comp. Laws Utah 1917, § 5162, provides:

"1. Subject to the provisions of this title, notwithstanding that the property in the goods may have passed to the buyer, the unpaid seller of goods, as such, has:

"(a) A lien upon the goods or right to retain them for the price while he is in possession of them; * * *

"(d) A right to rescind the sale as limited by this title."

Also Comp. Laws Utah 1917, § 5165, relating to when the unpaid seller's lien is lost, provides:

"1. The unpaid seller of goods loses his lien thereon:

"(a) When he delivers the goods to a carrier or other bailee for the purpose of transmission to the buyer *without reserving the property in the goods* or the right to the possession thereof [italics added];

"(b) When the buyer or his agent lawfully obtains possession of the goods;

"(c) By waiver thereof.

"2. The unpaid seller of goods, having a lien thereon, does not lose his lien by reason only that he has obtained judgment or decree for the price of the goods."

Manifestly under the statute the unpaid seller has a lien different from the lien created by mortgage referred to by Comp. Laws Utah 1917, § 7230. The seller may by proper agreement, contract, or note retain title to the property pending payment; he may rely upon the lien relating to the sale of goods provided by the statute; or he may take a mortgage on the property sold as security for the payment of the purchase price thereof. Under the statute, section 7230, supra, and the decisions of this court, the right of a plaintiff to maintain an action for a personal judgment, where the debt is secured "by mortgage upon real estate or personal property," without first exhausting the remedy against the security in the absence of any showing that the security has become valueless, is denied. *National Bank of Commerce of Ogden* v. *James Pingree Co.*, 62 Utah 259, 218 P. 552, and cases there cited.

None of the features of a mortgage, either chattel or real, are to be found in the document appellant maintains constitutes a mortgage or lien security within the provisions of section 7230, supra. The word "secure" or "security" or "mortgage" or "pledge" or "lien" is not to be found in the document. The document is not acknowledged or sworn to as provided by law relating to mortgages, chattel or real, nor does it possess any of the characteristics of a mortgage; at most the document contains an option on the part of the

seller to call upon the buyer to forfeit his "right, title and interest" in the property.

We find no error. Judgment affirmed. Respondent to recover costs.

STRAUP, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur in the result.

ELIAS HANSEN, Justice (concurring).

I am of the opinion that the agreement set out in the prevailing opinion constitutes a contract of sale reserving in the seller an option to rescind the contract if the purchaser failed to pay the notes when the same became due. If the seller should have exercised his option to rescind the contract, he would have been entitled to a return of the property sold and to no other relief. Under the contract, however, the seller was not bound to exercise his option to rescind the contract. He had a right, as was done in this case, to waive his right to rescind and sue upon the notes. The contract was not a mortgage within the meaning of Comp. Laws Utah 1917, § 7230.

I concur in the order affirming the judgment.