MATHEWS PIANO COMPANY, APPELLANT, v. H. E. MARKLE ET AL., APPELLEES.

FILED FEBRUARY 26, 1910.  No. 15,920.

1. **Conditional Sales: BONA FIDE PURCHASER.** If the vendor in a conditional sale contract fails or neglects to avail himself of the provision of section 6045, Ann. St. 1907, relating to the filing of such contracts in the office of the clerk of the county, and relies only upon the good faith or credit of the vendee, he cannot interfere with a conveyance of the property to a purchaser in good faith without notice.

2. ———: **ELECTION OF REMEDIES: WAIVER.** Where personal property is sold and delivered upon condition that the title shall remain in the vendor until the payment of the purchase price, and the latter elects to bring suit for the recovery of the debt, the adoption of this course is a waiver of the condition, and the sale becomes absolute.

APPEAL from the district court for Gage county: JOHN B. RAPER, JUDGE. *Affirmed.*

*S. D. Killen,* for appellant.

*A. H. Kidd, contra.*

LETTON, J.

This is a replevin action brought by the Mathews Piano Company against H. E. Markle as defendant to recover

possession of a piano. Before the trial John H. Penner intervened and answered, alleging that he was the owner of the property. Markle made no appearance. The case was tried to the court without a jury, and judgment was rendered for the intervener Penner. From this judgment the plaintiff appeals.

The evidence shows that in the latter part of December, 1903, H. E. Markle was conducting a hotel in the city of Beatrice; that about this time Markle borrowed $5,500 from Penner. Penner had guaranteed the payment of the rent of the hotel by Markle. On December 21, 1904, Markle and his wife executed a bill of sale to Penner of all the furniture in the hotel, including the piano, as shown by an inventory attached to the bill of sale. At that time the piano was in Markle's possession. Two days afterwards Markle executed and delivered to plaintiff's agent a promissory note containing a conditional sale contract, whereby it was provided that the title of the piano did not pass from the vendor until the payment of the debt or note, but a copy of this instrument was never filed with the county clerk under the provisions of section 6045, Ann. St. 1909. Markle failing to pay Penner the amount secured by the bill of sale, he took possession of all the furniture some time in the year 1905 to apply on the debt, under an agreement by which he was to credit Markle with the amount he received upon a sale of the property. On the 11th of July, 1906, the plaintiff sued Markle and obtained judgment against him upon the note referred to. Execution was issued thereon and returned unsatisfied. The evidence conflicts as to Penner's testimony in the county court with reference to whether he owned the piano or merely had a lien upon it, but it is sufficient to sustain the conclusion of the trial court that Penner took the piano from Markle upon a valuable consideration without notice of the conditional contract, and that the title thereby passed to him.

Complainant's first point is that Penner is not entitled to recover in this action for the reason that the plaintiff

was in possession of the piano when his answer was filed, and that he filed no affidavit in the case as to the ownership of the property. This was unnecessary. The intervener occupied the position of a defendant in resisting the claim of ownership of the plaintiff. He was merely defending his title and right of possession of the piano, and the fact that it had been taken from his possession under the writ did not make it necessary for him to file an affidavit. The case cited is not applicable.

It is also argued that the bill of sale was made two days before Markle purchased the piano and before Markle had title. The evidence warrants the conclusion that the sale had been made and the piano delivered to Markle before the conditional contract was executed. Even if it were the case that at the time the bill of sale was executed the purchase of the piano had not been completed, though it was in Markle's possession, a purchase after the execution of the bill of sale and its subsequent transfer and delivery to Penner with the other property listed in the inventory, without notice of plaintiff's claim, to apply as part payment on the debt from Markle to Penner operated to convey the title to Penner. Section 6045, *supra,* was made for the protection of vendors such as the plaintiff, and if they fail or neglect to avail themselves of its provisions, relying only on the good faith or credit of the vendee, they cannot interfere with a conveyance of the property to a purchaser in good faith without notice. But, in any event, we think that action being brought and judgment taken for the balance due upon the note operated as a waiver of the conditional sale and passed the entire ownership to the vendee. Where personal property is sold and delivered upon condition that the title shall remain in the vendor until the payment of the purchase price, and the latter elects to bring suit for the recovery of the debt, the adoption of this course is a waiver of the condition and the sale becomes absolute. *Fredrickson v. Schmittroth,* 77 Neb. 722; 6 Am. & Eng. Ency. Law (2d ed.) 480; *Alden v. Dyer & Bro.,* 92 Minn. 134; *Rich-*

*ards v. Schreiber, Conchar & Westphal Co.,* 98 Ia. 422; *Van Winkle v. Crowell,* 146 U. S. 42.

The judgment of the district court must be

AFFIRMED.