(December 29, 1922.)

## UTAH IMPLEMENT VEHICLE COMPANY, a Corporation, Appellant, v. E. J. KESLER and JOHN H. RIGGS, Respondents.

[211 Pac. 1079.]

CONDITIONAL SALE CONTRACT—ELECTION OF REMEDIES—ACTION—TITLE TO PROPERTY—WAIVER.

1. In case of default in payment of the purchase price of property covered by a conditional sale contract the seller may either sue for the purchase price or retake the property according to the terms of such contract.

2. Commencement of action for purchase price of property covered by a conditional sale contract vests title to such property in the purchaser and waives right of seller to retake such property.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action to recover on two conditional sale contracts. Judgment for plaintiff. *Reversed.*

Budge & Merrill, for Appellant.

"Upon default of a buyer under a conditional sale contract the seller may either elect to retake the goods and disaffirm the sale, or to affirm the sale and sue for the price, but an election of one remedy precludes him from the other." (*Stewart & Holmes Drug Co. v. Reed,* 74 Wash. 401, 133 Pac. 577; *Pease v. Teller, Corp., Ltd.,* 22 Ida. 807, 128 Pac. 981.)

Publisher's Note.

1. Election of remedies on breach of conditional sale contract, see notes in 133 Am. St. 563; 1 Ann. Cas. 268; 16 Ann. Cas. 1057; Ann. Cas. 1917D, 464.

2. Whether bringing action for purchase price is waiver of right of vendor in conditional sale to recover property in specie, see notes in 23 L. R. A., N. S., 144; L. R. A. 1916A, 925.

"The seller in a conditional sale may, on default in pay-ment, waive the return of the property, treat the contract as executed on his part and recover the price." (*Herring-Hall-Marvin Co. v. Smith,* 43 Or. 315, 72 Pac. 704; *Smith v. Barber,* 153 Ind. 322, 53 N. E. 1014; *Taylor v. Esselstyn,* 63 Misc. 633, 115 N. Y. Supp. 1105; *D. M. Osborne & Co. v. Walther,* 12 Okl. 20, 69 Pac. 953.)

"The commencing of an action upon a conditional sale note is an election to treat the sale as absolute and a waiver of recourse against the property." (*Eilers Music House v. Douglas,* 90 Wash. 683, 156 Pac. 937; *Winton Motor Car-riage Co. v. Broadway Automobile Co.,* 65 Wash. 650, 118 Pac. 817, 37 L. R. A., N. S., 71; *Henry Pels & Co. v. Oltarsh Iron Works,* 129 N. Y. Supp. 371; *Mortensen Woodworking Co. v. Raabe,* 117 N. Y. Supp. 128; *Frisch v. Wells,* 200 Mass. 429, 86 N. E. 775, 23 L. R. A., N. S., 144; *Kirk v. Crystal,* 18 App. Div. 32, 103 N. Y. Supp. 17.)

Peterson & Coffin and Chas. H. Darling, for Respondent.

The record fails to show that title to the machinery has ever passed from the plaintiff to the defendant, and the record shows that under the conditional contract introduced in evidence, the plaintiff has no basis for an action for the purchase price of the machinery. (*Harkness v. Russell,* 118 U. S. 663, 30 L. ed. 285; *Atkinson v. Japink,* 186 Mich. 335, 152 N. W. 1079.)

DUNN, J.—This action was brought by appellant against respondents to recover on two conditional sale contracts of $725 each, which were described in the complaint as promis-sory notes. Service was not had on the defendant Riggs, and as to him the action was dismissed.

Copies of the instruments sued on were not set out in the complaint, but the original contracts were offered in evi-dence and are in the following form:

"$725.00.    Salt Lake City, Utah, September 7th, 1911.

"December 15, 1912, after date, for value received in one 22 H. P. Mpls. D. C. Engine No. 5904 and 12 bbl. steel

tank bought of Utah Implement Vehicle Co., a Corporation, I, we, or either of us promise to pay Utah Implement Vehicle Co., or order Seven Hundred Twenty Five Dollars hereafter until fully paid, payable at its office in Salt Lake City, without any relief whatever from exemption, or homestead or appraisement laws, with interest at the rate of eight per cent per annum from 12/15/11 until due, and if not paid when due, interest from maturity to be at the rate of one per cent per month, until paid.

"The makers and indorsers and guarantors of this note each severally waive presentment for payment, protest and notice of protest, and non-payment, and all defenses on the ground of any extension of time of its payment given them or either of them, by the holder hereof.

"If default be made in the payment of this note, or any part thereof, and if any part of the principal or interest is collected by an attorney or other collector without suit, I, we or either of us, agree to pay ten per cent of the amount so collected as collection fees; and in the event of suit being brought to collect this note or any part thereof, I, we or either of us, agree to pay a reasonable attorney's fee.

"The express conditions of this transaction are, that neither the title, ownership or possession of the property mentioned herein, passes from the Utah Implement Company, until this note and interest shall be fully paid, and said Company, its agents or the holder of this note, has full power at any time after default is made in the payment of principal or interest, or at any time it may deem itself insecure, even before this note becomes due, or any part thereof, to take possession of said property wherever found (and this shall be its warrant for entering upon the premises of the maker of this note, to obtain such possession) and sell the same at public or private sale, with or without notice, or, it may appraise the fair market value of said property without sale, and indorse hereon the proceeds of such sale, or said market value, after deducting the costs and expenses of taking, keeping and sale of said property,

and I, we, or either of us agree to pay any balance due on this note after such indorsement, as damages or rental of said property, any unpaid balance to become due and payable immediately.

> "(Signed)   E. J. KESLER.
> "(Signed)    JOHN H. RIGGS."

At the close of appellant's case the respondent moved for nonsuit as follows: "The defendant comes now and moves the court for a nonsuit and as a ground for said motion shows to the court that no evidence has been introduced showing or tending to show the value or the market value or any value of the machinery or engine described in the notes, and which forms the basis of this suit; that there has been no attempt made to realize upon the machinery in question; that title, according to the testimony adduced by the plaintiff, still inheres in the plaintiff in this action, and has never passed to the defendant in this action; that the title, ownership and possession of the machinery in question is still in the plaintiff, and has never passed to the defendant."

This motion was granted and thereupon judgment of dismissal was entered. From this judgment the case is brought here on appeal.

Appellant assigns as errors the granting of respondent's motion for a nonsuit and the judgment dismissing the action.

It seems clear from the record that the court erred in granting the motion for nonsuit and dismissing appellant's action. The contract on which the suit is brought authorizes an action such as this, or, if appellant had so desired, it could have retaken the property according to the terms of the contract. The ruling of the trial court appears to have been made under the impression that this action could not be maintained, but that appellant was limited to the one course of retaking the property. This court has held that in a contract of the kind sued on in this action, in case of default on the part of the purchaser, the seller may bring an action for the purchase price or he may retake the

property, but that he cannot do both. (*Pease v. Teller Corp., Ltd.,* 22 Ida. 807, 128 Pac. 981.) Many courts have held to the same rule under contracts of this kind. (*Stewart & Holmes Drug Co. v. Reed,* 74 Wash. 401, 133 Pac. 577; *Herring-Hall-Marvin Co. v. Smith,* 43 Or. 315, 72 Pac. 704, 73 Pac. 340; *Smith v. Barber,* 153 Ind. 322, 53 N. E. 1014; *Taylor v. Esselstyn,* 62 Misc. 633, 115 N. Y. Supp. 1105; *D. M. Osborne & Co. v. Walther,* 12 Okl. 20, 69 Pac. 953.) This court has held that "A vendor who sells personal property, reserving in himself the title and right of possession, should be deemed to have waived his right to repossess himself of the property whenever he commences an action for the recovery of the purchase price." (*Mark Means Transfer Co. v. MacKinzie,* 9 Ida. 165, 174, 73 Pac. 135.)

And also that in the case of a contract such as the two involved in this case, "The commencement of an action against the vendee for the recovery of the purchase price has the effect of vesting absolute title in the vendee." (*Peasley v. Noble,* 17 Ida. 686, 696, 134 Am. St. 270, 107 Pac. 402, 27 L. R. A., N. S., 216.)

The commencing of an action upon a conditional sale note is an election to treat the sale as absolute and a waiver of recourse against the property. (*Eilers Music House v. Douglas,* 90 Wash. 683, 156 Pac. 937, L. R. A. 1916E, 613; *Winton Motor Carriage Co. v. Broadway Automobile Co.,* 65 Wash. 650, 118 Pac. 817, 37 L. R. A., N. S., 71; *Henry Pels & Co. v. David M. Oltarsh Iron Works,* 129 N. Y. Supp. 371; *Mortensen Woodworking Co. v. Raabe,* 117 N. Y. Supp. 128; *Frish v. Wells,* 200 Mass. 429, 86 N. E. 775, 23 L. R. A., N. S., 744; *Kirk v. Crystal,* 118 App. Div. 32, 103 N. Y. Supp. 17, 19.)

The judgment is reversed, with costs to appellant.

McCarthy and Lee, JJ., concur.

Budge, J., being disqualified, took no part.