G. B. JENSEN, Appellee, v. CHARLES KISSICK, Appellant.

**SALES:** **Conditional Sale—Right to Foreclose.** A conditional sale contract which retains title in the vendor, but which binds the vendee to pay the entire price and provides for foreclosure in case of default in payment, arms the vendor, in case of such default, to proceed in equity for the foreclosure of his lien.

Headnote 1: 35 Cyc. p. 708.

*Appeal from Des Moines Municipal Court.*—H. H. SAWYER, Judge.

NOVEMBER 15, 1927.

Suit to recover on a promissory note and contract for sale of automobile, and to foreclose lien. Defendant moved to transfer to the law side of the docket. Motion denied. Defendant appeals.—*Affirmed.*

*C. J. Eller,* for appellant.

*Dunshee & Brody*, for appellee.

MORLING, J.—Plaintiff and defendant made a contract by which plaintiff agreed to sell to defendant an automobile for $597. Defendant agreed to purchase the automobile and to pay the price in installments. The contract provided that title was retained by the seller until payment in full was made; that, on breach of any of the purchaser's covenants, the entire amount should become due at once; that, in the event of default, time being of the essence, the seller might take possession without notice or legal process, and unless the purchaser should, within five days, make payment of the entire amount due, the seller might sell at public or private sale, without notice, and after deducting expenses of sale, apply the proceeds upon the amount due for purchase price, insurance, and repairs, without waiving his right to collect the entire balance; any surplus to be turned over to purchaser. Defendant gave an ordinary installment promissory note for the full amount of the purchase price, by which all the installments were due on default in paying any.

The nature and effect of such contracts have been the subject of much debate. The defendant unequivocally bound himself to pay the entire purchase price. The plaintiff elects, as he has the right to do, to recover the full amount of the purchase price, less the payments which have been made. It was for the plaintiff, and not the defendant, to determine whether the plaintiff would follow the remedy of re-investing himself with the possession and resorting to the extra-judicial sale therein provided for. If the seller chose to treat the contract as giving him a lien upon the property for the amount owed, the purchaser had no ground to complain. Plaintiff was entitled to go into equity for the determination and recovery of the amount owed, and for the foreclosure of the contract. *Gigray v. Mumper*, 141 Iowa 396; 35 Cyc. 708; 37 Corpus Juris 340. See, also, *Murray v. McDonald*, 203 Iowa 418; *First Nat. Bank v. Yocom*, 96 Ore. 438 (189 Pac. 220).—*Affirmed*.

EVANS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.