# DOUGHTY v. LAUBACH.

No. 23152.   April 30, 1935.

John Butler, for plaintiff in error.

Tom E. Wills and C. B. Wood, for defendant in error.

PER CURIAM. This is an action in replevin and also to recover the alleged balance of purchase price evidenced by note, together with interest and attorney's fee as provided for in said note, commenced by plaintiff in error in the court below.

The parties will be referred to herein as plaintiff and defendant, the order in which they appeared in the court below.

Upon affidavit and bond of plaintiff, a replevin writ was issued, which was executed by the sheriff taking possession of a certain wheat combine referred to in the pleadings which was delivered to plaintiff at the commencement of the suit.

Plaintiff alleged he owned title and was entitled to possession of said wheat combine under and by virtue of a certain conditional sales contract printed on the back of a purchaser's order by defendant on May 20, 1929. He also alleges that on June 15, 1929, defendant, being indebted to plaintiff, made, executed, and delivered to plaintiff his promissory note in the sum of $518, and at the same time and place, and as security for said note, the defendant made, executed, and delivered to plaintiff the purchaser's order above referred to, describing one Curtis wheat combine, and by the terms of said purchaser's order the right of possession as well as title in and to said wheat combine was reserved in plaintiff until the full purchase price therefor had been paid. A copy of said purchaser's order with the contract printed on the back thereof and said promissory note are attached to plaintiff's petition as exhibits "A" and "B."

Defendant filed his answer and cross-petition in which he denied generally all material allegations contained in plaintiff's petition, except such as are specifically admitted therein, and alleged in substance that he purchased the wheat combine from plaintiff for the sum of $1,518, $1,000 of which was paid in cash and the $518 note was given for the balance of the purchase price; that he had about 250 acres of wheat to harvest that year, resided near plaintiff, and plaintiff knew he was purchasing the wheat combine to harvest his wheat crop, and in order to induce defendant to purchase said combine, plaintiff warranted the same to be high class in every respect, in perfect condition, and that it would harvest defendant's wheat in a first-class and satisfactory manner, and would in all respects perform in a proper and satisfactory manner and do the work for which the same was purchased; that defendant believed all of said representations and warranties to be true, and relying upon same purchased said combine from plaintiff; that defendant undertook to harvest his wheat with said combine, but the same would not do the work, and defendant was compelled to abandon further efforts to make said combine perform its work and harvest his wheat and hire another combine, with which he finished the harvesting of his wheat crop, except that which had ripened and fallen to the ground; that said combine never at any time properly performed and could not be made to perform the work for which it was purchased, and that the same was not properly designed and constructed and was of no value whatsoever and constituted no consideration for the purchase price.

Defendant further alleged that because of the poor construction of said wheat combine, he lost by leakage of wheat from the separator $800 worth of wheat, and because of the long delay in trying to harvest the wheat with said combine, he lost $2,000 worth of wheat by the same ripening and falling to the ground, so that it could not be harvested, and sued plaintiff in his cross-petition for the recovery of the $1,000 cash payment made on the purchase price of said combine, the $800 worth of wheat lost through the separator, the $2,000 worth of wheat lost by ripening and falling to the ground and for the cancellation of the $518 note sued on by plaintiff.

There was but one cause of action or count in plaintiff's petition, and, likewise only one cause of action or count in defendant's cross-petition.

The case was tried in the lower court before a jury, which returned a verdict in favor of defendant under his cross-petition for the $1,000 cash paid on the combine and the cancellation of the $518 note, but allowed defendant nothing for the $800 or the $2,000 worth of wheat sued for.

Plaintiff filed his motion for a new trial, which was overruled and denied by the trial court and judgment was pronounced in favor of defendant for the $1,000 and the cancellation of the $518 note as per the verdict of the jury, but the court went beyond the verdict of the jury, and in the judgment also awarded defendant possession of the combine, which had been replevined from him at the commencement of the action.

From the judgment in favor of defendant, plaintiff prosecuted this appeal.

It is evident that the jury did not know whether defendant sued in his cross-petition for damages as provided by sections 9976 and 9977, O. S. 1931, or for rescission of the contract according to the provisions of section 9500, O. S. 1931, and it appears that counsel for defendant and the trial court overlooked these statutes, although counsel for plaintiff, at the commencement of defendant's evidence, moved the court to require defendant to elect the remedy he relied upon, that is, whether to rescind the contract and recover the consideration paid, or whether he ratified the contract and sought to recover damages. That motion was overruled by the court, as was also plaintiff's demurrer to defendant's evidence at the close of his proof in chief. However, he did not renew his demurrer to defendant's evidence at the close of all the evidence in the case, or move for an instructed verdict, so, under the well-established rule in this state, plaintiff cannot now complain of the action of the court in overruling his demurrer to defendant's evidence.

In the recent case of First State Bank of Vian v. Sharp, 151 Okla. 205, 3 P. (2d) 208, following the holding of the court in Dryfoos v. Davison, 146 Okla. 160, 293 P. 1099, and Abraham v. Gelwick, 123 Okla. 248, 253 P. 84, it is said:

"Where a defendant pleads an affirmative defense to a cause of action and offers evidence in support thereof, and at the conclusion of the evidence in chief in support of the affirmative defense, the plaintiff's general demurrer thereto is overruled, and thereafter the plaintiff introduces evidence in answer to the evidence offered by the defendant in support of his affirmative defense, but does not renew his demurrer at the conclusion of all the evidence or request an instructed verdict and permits the issues joined to be submitted to the jury upon all of the evidence without objection and exception, the verdict on review in this court is conclusive so far as such evidence is concerned except as to excessive damages appearing to have been given under the influence of passion or prejudice."

We must, therefore, hold that, by his failure to renew his demurrer to defendant's evidence or move for an instructed verdict at the close of all the proof introduced, plaintiff waived his demurrer to defendant's evidence.

Plaintiff has assigned 15 specifications of error, but has argued them in four groups. We deem it necessary to discuss but a very few of them.

Assignment of error No. 11 is to the effect that the court erred in giving instructions excepted to by plaintiff, but if there was an exception made to any instruction given the record does not so disclose. Section 360, O. S. 1931, provides that it shall be sufficient to write the exception to an instruction at the close of such instruction, which shall be signed by the judge. Nothing of that kind appears on the instructions given.

This court held in Wayne Tank & Pump Co. v. Harper, 118 Okla. 274, 247 P. 985, that:

"An instruction is not reviewable on appeal unless the action of the court in giving or refusing same and the exception thereto and the signature of the judge are noted thereon, as provided by the statute."

By reason of his failure to properly preserve exceptions to the instructions complained of, as provided by the statute and

uniformly held by this court, plaintiff cannot now complain of the instructions submitted to the jury. However, since we have decided to reverse this case and remand it to the lower court for another trial, we deem it proper, in order to avoid errors at the next trial, to point out some of the errors in the instructions given.

It is a well-settled rule in this jurisdiction that each litigant is entitled to have his theory of the case fairly submitted to the jury, but a casual examination of the instructions given in this case shows that the trial court failed to submit instructions fair to plaintiff even if the pleadings had been in proper form as suggested in this opinion. Instructions 4, 5 and 6 relate solely to defendant's theory of the case, but the giving of those instructions would have been reversible error 'if plaintiff had excepted thereto as provided by law, because those three instructions confuse, and submitted to the jury both the theory of rescission and affirmance of the conditional sales contract. Defendant should have been confined to one of the two remedies. If the former, he should have restored or tendered to plaintiff everything of value he had received from plaintiff and sued to recover the purchase money paid, the cancellation of the $518 note, and such damages as he may have sustained, if any, on account of the defective construction of the combine, the character of work it did in harvesting his wheat, and the expenses, if any, incurred by him in trying in good faith to make the combine do the work for which it was purchased. The question of whether defendant offered to rescind and whether he did so within the time and in the manner provided by the statute should have been submitted to the jury under proper instructions. The statute, section 9500, O. S. 1931, provides:

"Rescission, when not effected by consent can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"First. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability and is aware of his right to rescind; and

"Second. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

In Holcomb & Hoke Mfg. Co. v. Jones, 102 Okla. 175, 228 P. 968, this court held:

"A party attempting to rescind a contract must comply with the statutes by offering to restore, or by restoring everything which is of value to him or the adverse party, which he has received under the contract. His failure to do so is fatal to his cause of action."

If defendant elected to pursue the latter remedy, namely, affirmance of the contract, he should have kept the combine and sued for the difference in the actual value thereof and what it would have been worth had it been as represented. He also in that case could have sued for such damages as he may have sustained, if any, by reason of the inferior construction and work of the combine, including expenses and loss of time in trying, in good faith, to make it perform the work for which it was purchased. Sections 9976 and 9977, O. S. 1931, are the statutes governing the procedure under this remedy, and are as follows:

Section 9976. "The detriment caused by the breach of a warranty of the quality of personal property, is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time."

Section 9977. "The detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose, is deemed to be that which is defined in the last section, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose."

This court has construed these two sections of the statute in a number of cases. In Murray Co. v. Palmer, 55 Okla. 480, 154 P. 1137, it is said:

"The measure of damages for breach of warranty as to fitness of machinery to do certain work is the difference between the value of such machinery as warranted to be and its actual value."

In Viking Refrigerators, Inc., v. McMeachin, 145 Okla. 76, 291 P. 521, it is said:

"Where a party has been induced by fraud to enter into a contract of purchase of a low temperature display refrigerator display counter, he may affirm the contract and sue for damages, or may rescind the same as set out in paragraph 1, but he cannot do both."

Instruction No. 7 is the only instruction which attempts to submit plaintiff's theory

of the case to the jury, but all that is said in that instruction as to plaintiff's case is:

"You are further instructed that in the event you find in favor of the plaintiff you will award him the possession of the combine in question".

That is followed by a comma, and then the court tells the jury that if it finds for defendant it should fix the amount of his recovery at such sum as they find he is entitled to recover, not exceeding the sum of $3,800 and the cancellation of the note in controversy in this action. So there are three instructions relating solely to defendant's theory of the case, three and one-half lines of instruction No. 7 relating to plaintiff's theory, and the balance of instruction No. 7 diverts the minds of the jury from plaintiff's suit and his theory thereof to defendant's right of recovery. From these four instructions the jury, in all probability, were impressed with the thought that the trial court was of the opinion that plaintiff was not entitled to a recovery, and that a verdict should be returned for defendant.

This court held in the case of Klein v. Muhlhausen, 83 Okla. 21, 200 P. 436, that:

"It is the duty of the court to submit to the jury, and give instructions thereon, any issue, theory, or defense which the evidence tends to support. This right is not affected by the fact that there is countervailing testimony."

In Maney Bros. & Co. v. Blackburn, 158 Okla. 298, 13 P. (2d) 177, it was held:

" 'Each party to a controversy is entitled to have his theory of the case presented to the jury by proper instruction, provided the same has been properly pleaded and he has introduced evidence tending to support such theory.' Menten v. Richards et al., 54 Okla. 418, 153 P. 1177."

Instruction No. 1 recites that it has been agreed to by and between the parties that in lieu of a statement of this case by the court, the jury may take with it to the jury room plaintiff's petition, defendant's answer and cross-petition and plaintiff's reply, and says that these pleadings form the issue to be determined by the jury. No statement or explanation is made by the court as to the meaning and effect of the pleadings, and it would have been reversible error under the state of these pleadings for the court to have so submitted the pleadings to the jury in lieu of a statement of the issues if counsel for the respective parties had not agreed thereto.

It was held in the case of Lambard-Hart Loan Co. v. Smiley, 115 Okla. 202, 242 P. 212, that:

"Where the pleadings are voluminous and involved, and the court does not state the issues in its instructions to the jury, it is reversible error to submit the pleadings to the jury for them to determine what the issues are."

While the pleadings in the case at bar are not voluminous, they certainly are involved, and, as above shown, both the petition for plaintiff and the answer and cross-petition for defendant join and confuse two separate, distinct and inconsistent remedies all in one count or cause of action.

Assignment of error No. 10 is directed to the action of the trial court in refusing to give instructions offered by plaintiff. The record shows only one instruction submitted by plaintiff which the court refused to give to the jury, but it was not error to refuse that instruction, because it, in part, invaded the province of the jury by reference to certain evidence, and is not in harmony with the statute above referred to with respect to the course defendant had to pursue when it became incumbent upon him to elect what remedy he would adopt in his action against plaintiff. The statute is plain, and an instruction embracing the provisions of that section should not be difficult to prepare at the next trial of the case.

As above stated, the jury returned a verdict in favor of defendant for the $1,000 purchase money paid by him and cancellation of the $518 note, but allowed him nothing for his alleged loss of $800 worth of wheat and $2,000 worth of wheat. Plaintiff had possession of the combine under the replevin writ at the time of the trial, as no redelivery bond was executed by defendant, and plaintiff's evidence shows that he used the combine in harvesting wheat for the year 1930. The jury returned its verdict on the 17th of March, 1931, so it is fair to assume under the state of this record that the jury acted under the assumption that the case had been submitted to them upon the theory of rescission of the contract on the part of defendant.

After the verdict of the jury the trial court pronounced judgment for defendant for the $1,000 cash payment and the cancellation of the $518 note, and, in addition thereto, awarded possession of the combine to defendant. In other words, after giving the jury the opportunity to return a verdict for defendant for all damages he may have sustained not to exceed the sum of $3,800 as sued for as well as cancellation of the note, the court also awarded defendant possession of the wheat combine.

It is fair to assume that counsel for de-

fendant made substantially the same argument before the jury and trial court as they have made in their brief in this court. In the statement of the case at page 4 of their brief, counsel for defendant say that defendant waived redelivery bond and made no demand for the return of the machine, and has never made any demand therefor, and at pages 7 and 8 of their brief they say that the defendant not only failed to give a redelivery bond, but he never made any claim to the machine and has at all times disaffirmed. There is no way by which this court can determine, at this time, the value of the combine, the value of its use since the judgment of the lower court, or what defendant has done with it, so these are matters which should be settled in another trial in the lower court in order that justice may be done both the parties.

For the reasons stated, the judgment is reversed and the cause remanded to the lower court, with directions to grant plaintiff a new trial.

The Supreme Court acknowledges the aid of Attorneys Fred M. Carter, Hayes McCoy, and John F. Pendleton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Carter and approved by Mr. McCoy and Mr. Pendleton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted

McNEILL, C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.