[Civ. No. 8057.   Third Dist.   Mar. 25, 1952.]

BERT YOST, Appellant, v. ROBERT F. MAY et al., Defendants; MARY M. IVES, Respondent.

Thomas B. Leeper for Appellant.

Downey, Brand, Seymour & Rohwer for Respondent.

PEEK, J.—This is an appeal by plaintiff from a judgment in his favor in an action to recover the balance due on a conditional sales contract.

Although the appeal is on the judgment roll alone the following facts appear to be conceded by the parties. R. L. and Virginia Allred, husband and wife, as the owners of certain real and personal property, leased the same to the plaintiff Yost, who thereafter conducted a restaurant business on the premises. Subsequently Yost assigned his lease to the defendants Robert F. and Dorothy L. May. In addition he sold to them, by a conditional sales contract, certain personal property used in the conduct of the business. The contract, among other things, provided that if the Mays failed to make any of the payments on time, the sellers might, without demand or notice, retake possession of the property and resell the same at public or private sale and credit the net proceeds on the balance due, the purchaser agreeing to pay the seller for any deficiency remaining under the contract. A further provision prohibited the buyer's assigning his interest without the consent of the seller. Shortly after the Mays went into possession they defaulted on their contract with Yost and closed the doors of the restaurant. Approximately two months thereafter Mary M. Ives, for a valuable consideration and without knowledge of the existence of the conditional sales agreement between Yost and the Mays, purchased from the latter by bill of sale certain personal property itemized therein. Notice of the sale as provided in section 3440 of the Civil Code was given by Ives. The Mays surrendered the lease to the Allreds who in turn executed a new lease in favor of Ives. Ives renovated the premises, bought new equipment and went into possession thereof. Some time thereafter Yost instituted this proceeding to recover the balance alleged to be due under his conditional sales contract with the Mays. The trial resulted in a nonsuit as to the Allreds and a judgment in favor of Yost against the Mays for the unpaid balance due under said contract, to wit: the sum of $1,700, plus accrued interest, attorney fees and court costs. The judgment further directed the sheriff of Sacramento county to take possession of certain designated personal property which was substantially the same as that set forth in said sales agreement and sell the same, applying the proceeds to the satisfaction of the judgment against the Mays. Yost gave notice of appeal and Ives filed a motion for a new trial. The appeal was dismissed and the motion for a new trial was granted as to Ives alone.

At the conclusion of the second trial in which only Yost and Ives participated, the court again ordered that the personal property received by Ives from the Mays (which was the same as set forth in the first judgment) be sold by the sheriff to satisfy the judgment recovered by Yost against the Mays. Yost has again appealed, contending that he is entitled to execute on the new lease and on all of the personal property owned by Ives and used in the business, and if the proceeds thereof are insufficient to pay off the balance found to be due under the conditional sales agreement with Mays, he is entitled to a personal judgment against Ives for any balance so remaining. We find no merit in such contention.

█ As a general rule it may be said that in the absence of any contractual obligation to the contrary, a seller, under a conditional sales contract, may either disaffirm the contract and retake the property or he may affirm the contract, declare the subsequent payment due and sue for the balance of the purchase price. But, as the court stated in *Martin Music Co.* v. *Robb,* 115 Cal.App. 414, 419 [1 P.2d 1000], "since these remedies are inconsistent, he cannot have both and an assertion of one of them is an abandonment of and bars any right under the other." Such a rule necessarily poses a further question of what constitutes affirmance and what constitutes disaffirmance, and since no hard and fast rule can be enunciated to cover the many circumstances which may arise each case must be determined on its own facts. █ However, it has been held that "the commencement of any litigation that can proceed only on the theory that title has passed to the purchaser on waiver by the seller generally constitutes an election which the seller may not revoke." (*Martin Music Co.* v. *Robb, supra,* at p. 419.)

Thus it is apparent that plaintiff by his action herein has brought himself squarely within the stated rule. By the allegations of his complaint he seeks to retake the property and resell the same, crediting the sum recovered less costs to the balance due, and since he has elected to follow the remedy spcifically contracted for in the sales agreement he is bound by the limits of the rights for which he has so contracted. (See *General Motors Accept. Corp.* v. *Brown,* 2 Cal.App.2d 646, 649 [38 P.2d 482].)

█ The sole question remaining relates to the determination of what property in the possession of Ives is subject to appellant's contractual right of repossession and execution thereon in satisfaction of the judgment against the Mays for

the balance due under the contract between Yost and the Mays. It is appellant's contention that he should be able to execute on the new lease and on all of the personal property now on the premises, whether or not the same was included in the property originally sold. His argument is that this is so (1) because of a provision in the contract to the effect that any equipment, repairs or accessories placed on the property shall become a component part thereof; (2) because the good will of the business is gone and only a small amount of worthless dishes and equipment remain; (3) because the judgment which he obtained against the Mays in the first action has been wiped out by the Mays' bankruptcy, and (4) because by the time this case is finally determined "both Mrs. Ives and the business will probably be gone" and therefore he concludes that under such circumstances he is entitled to a judgment as contended.

The extent of the interest Yost retained in the personal property sold to the Mays was clearly defined in the contract. The Mays could not defeat his interest in the specific property described therein. Furthermore, they could not, by their agreement with Ives, give him a greater interest in said property than was provided for in the contract. Nor could they give him an interest in any other property afterwards acquired independently by Ives, whom the court found to be an innocent purchaser for value. No privity of contract existed between Yost and Ives. Yost in no way was a party to the second contract. And certainly the Mays' bankruptcy could not in any way implicate Ives so as to bring her within the terms and conditions of the Yost-Mays' contract. There is no need to consider the remaining arguments made by appellant in support of such contention since they are wholly without merit.

The judgment is affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.