[No. 32293. Department One. April 16, 1953.]

WASHINGTON COOPERATIVE CHICK ASSOCIATION, *Appellant*, v. FRED A. JACOBS *et al.*, *Respondents.*[1]

[1]Reported in 256 P. (2d) 294.

*Hamblen, Gilbert & Brooke,* for appellant.

*Paine, Lowe & Coffin* and *Fred E. Woeppel,* for respondents.

OLSON, J.—Rulings favorable to defendants upon their demurrer and motion directed to plaintiff's amended complaint, resulted in a judgment dismissing this action, and plaintiff has appealed.

In its original complaint, plaintiff alleged that it sold certain chicks to one Boyer on conditional sale contracts, by

the terms of which it retained title to the chicks until the purchase price was paid; that the chicks were to be kept at Boyer's place of business and not sold or removed without plaintiff's written consent; that the contracts were filed with the county auditor; and that defendants, with knowledge of the conditional sale contracts, purchased most of the chicks from Boyer and converted them to their own use.

Defendants' answer to this complaint was that plaintiff had commenced a previous action against Boyer to recover the purchase price specified in the conditional sale contracts; that it had caused a writ of garnishment to be served upon these defendants in that action; and that the commencement of that action constituted a final and irrevocable election by plaintiff to treat the sales to Boyer as absolute.

Plaintiff replied by admitting the commencement of its action against Boyer and the service of a writ of garnishment upon defendants, but alleged that the action was dismissed, without prejudice, before final judgment and did not constitute such an election as defendants assert.

Defendants moved for judgment on these pleadings. The court indicated that it would grant this motion upon the ground that plaintiff transferred its title to the chicks to Boyer, as alleged by defendants, and could not prevail in an action for their conversion.

Before the entry of an order upon this ruling, plaintiff obtained permission to file an amended complaint, containing two causes of action. In the first of these, it substantially repeated its original complaint, and also alleged that defendants agreed with Boyer to assist him financially; that its transaction with Boyer was for the benefit of defendants; that they removed and converted the chicks to their own use, with knowledge of the terms of the conditional sale contracts, and of the fact that the purchase price was unpaid; and that they received the benefits of Boyer's purchase and should be held to have assumed the contracts and be ordered to pay the balance of the purchase price.

Plaintiff contends that the court erred in sustaining defendants' general demurrer to this cause of action. Plaintiff does not argue that the original pleadings should not be considered in ruling upon this demurrer, and it is not necessary for us to decide whether or not they are within its scope. We will consider all the pleadings in the cause, as did the trial court.

Upon the breach of a conditional sale contract, the vendor has a choice. He may either treat the transaction as an absolute sale and sue the buyer on the contract for the purchase price, or disaffirm the contract and repossess the goods sold. These remedies are inconsistent, and he cannot do both. By asserting one, he abandons the other. If he elects to recover the purchase price, the seller renders the sale absolute, and title to the goods passes to the buyer. *Standard Finance Co. v. Townsend*, 1 Wn. (2d) 274, 275, 95 P. (2d) 786 (1939), and cases cited. The commencement of the action constitutes the election, and this election is not revocable. *Standard Finance Co. v. Townsend, supra*, p. 276. A third party, situated as are these defendants, may invoke this election as a defense to an action in which the alternative remedy is asserted against him. *Stewart & Holmes Drug Co. v. Reed*, 74 Wash. 401, 405, 133 Pac. 577 (1913).

Plaintiff argues that the mere commencement of an action should not be held to be a final election, unless it brought advantage to plaintiff or disadvantage to defendants, in other words, unless the elements of estoppel *in pais* are present. See annotation, 6 A. L. R. (2d) 10; 2 Restatement, Contracts, 712, § 381.

The election in question is not a choice between inconsistent remedies of a procedural nature, to which plaintiff's theory might apply. It is a choice between inconsistent substantive rights which plaintiff had as a conditional sale vendor, and over which its vendee had no control. It is an election between inconsistent substantive legal relations, that is, between a contract and no contract. Plaintiff chose the former. This it could do, and create the chosen relation

with its vendee, by merely making its desire to do so manifest. The commencement of its suit for the purchase price, an action available to plaintiff and one consistent with its choice, was a sufficient manifestation of its election to create this relation. Plaintiff cannot now revoke this act, destroy the chosen relation, and disaffirm its contract with its conditional sale vendee. See 2 Restatement, Contracts, 713, § 381, comment d.

The procurement of a writ of garnishment and its service on defendants in that action, does not have any controlling significance in this case. It can only corroborate the definite nature of plaintiff's indication of an intention to recover the purchase price.

■ But plaintiff contends that this action is one in assumpsit, based upon the theory of unjust enrichment. An action at law for restitution upon this ground originated in the fiction that the person receiving a benefit had promised to pay for it. Restatement, Restitution, 22, § 5, comment a. Plaintiff's argument is that, under this principle, it may waive the tort and sue the tort-feasor upon a quasi-contract for just remuneration, citing *Olwell v. Nye & Nissen Co.*, 26 Wn. (2d) 282, 173 P. (2d) 652, 169 A. L. R. 139 (1946), and *Bill v. Gattavara*, 34 Wn. (2d) 645, 209 P. (2d) 457 (1949). However, plaintiff has pleaded no tort, so there is none that it can waive. The only one relied upon is conversion. That is not well pleaded and cannot be by plaintiff, after it transferred ownership and right to possession of the chicks to Boyer by making its sale to him absolute. *Junkin v. Anderson*, 21 Wn. (2d) 256, 258, 150 P. (2d) 678 (1944).

■ There is another reason why the principle for which plaintiff contends cannot improve its position on this demurrer. By electing to sue in assumpsit, plaintiff has not actually waived the tort, but has chosen an alternative remedy. Restatement, Restitution, p. 525. The obligation enforced is different in theory, and a different measure of recovery is applied in a tort action (limited to an amount compensatory to plaintiff) from that used in restitution

(limited to an amount by which defendant is unjustly enriched). The waiver in question is really a waiver of a possible part of plaintiff's damages. The tort remains as the basis of plaintiff's action. It must be alleged to state a case either in conversion or assumpsit because, without it, defendants have no obligation to plaintiff. *Olwell v. Nye & Nissen Co., supra,* p. 285, and cited authorities, particularly Professor Corbin's articles; *Bill v. Gattavara, supra,* p. 649; Restatement, Restitution, pp. 595, 596. The order sustaining the demurrer to this cause of action was proper.

In its second cause of action, plaintiff realleged the allegations in its first cause of action, and further alleged that it consented to defendants' removal of the chicks from Boyer only upon condition that defendants pay to plaintiff the balance due to it on the conditional sale contracts, and that defendants orally agreed to pay this sum.

█ Defendants contend that these allegations are inconsistent with each other, and also are inconsistent with the allegations of the other causes of action pleaded by plaintiff, and are sham and frivolous. We agree with defendants' contention. Plaintiff pleads, on the one hand, that defendants acquired the chicks by conversion, and, on the other, that they acquired them on condition that they pay for them, which is by purchase. These are inconsistent with each other and with plaintiff's rights relative to the chicks, established by its original pleading. Where a pleading is of that nature, it is proper for the trial court to strike it. See *Ellingsen v. Bennett,* 39 Wn. (2d) 148, 150, 234 P. (2d) 891 (1951), and cases cited.

██ Plaintiff's final claim of error is that its action should not have been dismissed with prejudice and without leave to further amend its pleading. Having once amended its complaint, it could not amend it again without permission, which could have been granted or denied by the trial court in the exercise of its discretion. *In re Schnoor's Estate,* 31 Wn. (2d) 565, 572, 198 P. (2d) 184 (1948). Defendants served notice on plaintiff of the presentation of the order on the rulings of the court and judgment of dismissal.

Plaintiff did not offer or request leave to file any additional amendments to its pleading and did not attempt to show that any successful amendment could be made. We cannot consider the question this claim of error presents because it was not submitted to the trial court.

The judgment dismissing the action with prejudice was consistent with the rulings of the court, and it is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

