277 P.2d 966

John SOTER and Tom Soter, Plaintiffs and Appellants,

v.

Zeke SNYDER and Strevell-Paterson Finance Co., a corporation, Defendants and Respondents.

No. 8160.

Supreme Court of Utah.

Dec. 9, 1954.

H. G. Metos, Ray S. McCarty, Gustin, Richards & Mattsson, Fred H. Evans, Salt Lake City, for appellants.

A. W. Sandack, Arthur H. Nielsen, Salt Lake City, for respondents.

WADE, Justice.

This is an appeal by plaintiffs and appellants herein, John and Tom Soter, from a judgment on a counterclaim in favor of defendant and respondent Zeke Snyder and a judgment of "no cause of action" on their suit to rescind, on the grounds of fraud and deceit in procuring a lease and a conditional sales agreement to purchase the business and equipment of a beer lounge. The agreement and lease were entered into on November 14, 1952, between Zeke Snyder as seller and lessor, and appellants as purchasers and lessees.

In their complaint appellants allege that to induce them to enter into the purchase of the business and equipment of the beer lounge and the lease in connection therewith, respondent Zeke Snyder had falsely and fraudulently represented to them that

the business had grossed in excess of $50,000 and that he had realized net profits of approximately $7,800 yearly for two years prior to the sale. Strevell-Paterson Finance Company was made a defendant because it was the assignee of the conditional sales agreement given to them as security by Zeke Snyder on a loan to him. Zeke Snyder answered denying appellants' allegations of fraud and also pleaded estoppel and waiver because appellants had attempted to sell said business and the lease in the spring of 1953. He then counterclaimed for the entire amount due on the conditional sales agreement, appellants having breached same by failing to make two monthly payments due thereon and respondent Zeke Snyder under the terms of said agreement having elected to declare the entire sum due and owing. In an amended answer both defendants pleaded further estoppel on the ground that in February, 1953, appellants with knowledge that Zeke Snyder was trying to negotiate a loan with the Strevell-Paterson Finance Company in which their conditional sales agreement was to be used as security, signed a statement that they had no claims or offsets against the amounts due. At the trial appellants admitted they signed such a statement with such knowledge. The evidence also disclosed appellants were not inexperienced in the beer business and that through one of their friends had sought to obtain and did get a reduction in the asking price before disclosing themselves to Zeke Snyder as the intending purchasers.

After the case was tried to a jury, the court submitted to it questions on the issues involved which were to be answered in a special verdict. In answering these questions the jury found that Zeke Snyder did not state in substance to John and Tom Soter that in 1951 he grossed $50,000 nor that he made a net profit of between seven and eight thousand dollars in that year. Upon these answers the court concluded that the appellants had no cause of action and granted judgment accordingly.

Appellants contend that these findings are contrary to the evidence and all reasonable implications thereof and in direct conflict with the testimony of respondent Zeke Snyder and therefore, the jury's verdict should have been set aside and a new trial granted. They base these contentions on the fact that Zeke Snyder after denying that he had stated he grossed $50,000 in 1951 and had made a net profit of about $7,800, testified that he had said that the average of his gross income for the number of years he had the business, not including 1952, would be approximately $50,000, and that his living costs, including insurance, were about $7,800 a year and that he had taken this amount out of the business. We have carefully read the record and find no merit to these contentions. It would serve no useful purpose to review all the evidence. Suffice it to say that the evidence was sufficient to sustain the jury's findings in its special verdict and that the court did not err in concluding that the de-

fendants were entitled to a judgment of "no cause for action."

■ Appellants argue that the court also erred in granting the judgment on the counterclaim for the balance of the purchase price and in the oral argument to this court further asserted that it not only erred in that respect but further erred in providing in that judgment that Zeke Snyder retain his title in the personal property set forth in the conditional sales contract until the judgment was paid in full. Appellants contend that such judgment was contrary to the law and the agreement of the parties because by providing that the seller may at his option declare the entire sum due and owing upon the purchasers defaulting in any of the payments when due or within 30 days thereafter, and upon such failure of the purchasers, the sellers could retake possession of said property and could retain any payments as liquidated damages, respondent thereby expressly agreed that his only remedy for breach of this contract should be repossession. We cannot agree with this argument. Under their agreement the purchasers specifically agreed to pay a certain sum for the property involved, the balance of which was to be paid in installments until the total purchase price was paid. It was further agreed that the "title of the property herein conditionally sold should remain in the seller until all of the agreements of the purchasers shall have been performed and until all payments aforesaid to the seller have been fully paid, and upon full payment by the purchasers aforesaid to the seller, title shall thereupon pass and be vested in purchasers." It would be unreasonable to construe such a contract as meaning that the parties thereto intended that the seller could not, if he so desired, insist upon being paid the purchase price, merely because he had an option to repossess the property. To so argue is to ignore the meaning of the word "option." Whether by exercising such an option instead of seeking to collect the amount due, respondent would have been restricted in his remedy to such repossession is a question which is not presented herein because respondent did not repossess the property.

■■ Did the court err in providing in the judgment that respondent Zeke Snyder retain his title in the property until the judgment was fully paid and satisfied? Implicit in such a judgment, of course, is the right to bring an action for possession of the property in the event the money judgment is not fully satisfied. We are of the opinion that the court did not err in granting such a judgment and that such a judgment merely enforces the terms of the contract into which the parties voluntarily entered. By that contract they agreed that title should not pass until the entire purchase price had been paid and not that it should pass when a judgment for that purchase price was obtained. Although there is respectable authority to the effect that where a seller in a conditional

32

sales contract brings suit for the purchase price he makes an election of remedies and thereafter cannot reclaim his property, we think the better view is that in a contract such as the one in the instant case, the seller has two concurrent remedies. He is entitled to his purchase price if he can collect and if he cannot collect he retains the title to his property and the right to its possession. See annotation in 12 A.L.R. commencing on page 503 where the following is said on the question of whether a seller in a conditional sales contract waives his right to reclaim the property by bringing suit for purchase price:

"The results reached by the courts in cases involving this question seem to depend upon which of two undisputed rules is applied to its solution. One may pursue all concurrent remedies which he has until he receives satisfaction under one of them, but one cannot pursue inconsistent remedies, and the election to pursue one will waive the other. Of course, if a suit for the price and a reclamation of the property in case the suit proves fruitless are regarded as consistent remedies, the suit does not waive the other right to reclaim. On the other hand, if they are regarded as inconsistent, then the right to reclaim is lost by the institution of an action upon the contract. Therefore, the ultimate question is, Are the remedies concurrent, or alternative and inconsistent? The courts which

have proceeded upon the theory that they were inconsistent, have assumed that they were so without demonstrating how they were so * * *."

See also Ratchford v. Cayuga County Cold Storage & Warehouse Co., 217 N.Y. 565, 112 N.E. 447, on page 448, L.R.A.1916E, 615, where Mr. Justice Cardozo in writing the opinion of the Court of Appeals of New York in a case involving the question of the rights of a vendor in a conditional sale to sue for the purchase price without waiving his right to reclaim the property said:

"The question depends for its answer upon the law of election of remedies. Where two inconsistent remedies, proceeding upon irreconcilable claims of right, are open to a suitor, the choice of one bars the other. But, to have that effect, the remedies must be inconsistent. We find no inconsistency here. The contract says that title is to remain unchanged till the price is paid in cash. The vendor had the right to receive the price, and brought an action to get it. The judgment preserves the obligation of the vendee's promise to make payment, but puts it in another form. There is no inconsistency between an attempt to get the money and a reservation of title if the attempt is not successful. In asserting title the vendor does not treat the contract as void in its inception. [Citing cases.] The contract is treated as subsisting, and enforced according to its terms."

Further authorities on this point may be found in 56 A.L.R. 233 and annotation thereto and 113 A.L.R. 649 and annotation.

Affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT and WORTHEN, JJ., concur.

HENRIOD, Justice (concurring and dissenting).

I concur except as to that portion of the main opinion that affirms the trial court's conclusion that respondent have title to the property as well as judgment for the price, and that such title be retained until the judgment is paid in full. There is respectable authority for such conclusion, as evidenced by the A.L.R. citations which give the authorities on both sides of this problem, but where, by and large, the cases representing the view expressed by the majority opinion, are from the south and east, and not from the Pacific Reporter states. These latter seem to be quite in accord in espousing the opposite view, as readily can be discovered by examining the cases, in the Pacific Digests, under Sales ☜479. Such opposite view also seems to be the majority view,[1] which holds that if one elects to pursue the price, he cannot retain title, and if he elects to retake the property, he cannot claim the price.[2]

As a practical matter, it would seem that the western view is desirable since it would allow the buyer to use the self-same property to pledge as security in obtaining funds with which to pay the judgment, a result that might be impossible if the property were frozen. Furthermore, it would seem that the seller would not be unduly prejudiced if title were in the buyer, since having a money judgment, he could levy execution against the property, only a small part of which might be necessary to satisfy the judgment. It seems to the writer that to allow the Seller to retain title until the judgment is paid is to allow him to have his cake and eat it. In taking this view I am not unaware of the fact that the view adopted by the majority opinion is incorporated in the Uniform Conditional Sales Act (Sec. 24), and is therefore the rule in those states which, unlike Utah, have adopted that Act.

1. Jones, Chattel Mortgages and Conditional Sales, Bowers Edition, Vol. 3, Sec. 1309.

2. Commercial Credit Co. v. Phoenix Hudson-Essex, Inc., 33 Ariz. 56, 262 P. 1; Yost v. May, 110 Cal.App.2d 41, 242 P.2d 73; Utah Implement Vehicle Co. v. Kesler, 36 Idaho 476, 211 P. 1079; First Nat. Bank v. Marlowe, 71 Mont. 461, 230 P. 374; Doughty v. Laubach, 172 Okl. 42, 44 P.2d 105; C. I. T. Corp. v. Fisher, 187 Okl. 314, 102 P.2d 848; Geroy v. Upper, 182 Or. 535, 187 P.2d 662, 174 A.L.R. 1355; Washington Cöoperative Chick Ass'n v. Jacobs, 42 Wash.2d 460, 256 P.2d 294; Mathews Piano Co. v. Markle, 86 Neb. 123, 124 N.W. 1129; Jensen v. Kissick, 204 Iowa 756, 215 N. W. 962.