IRVING R. BROMBERG, DOING BUSINESS AS MIDWAY MOTORS, APPELLANT, v. NORMA THOMPSON ANTHIS, DOING BUSINESS AS ANTHIS RECOVERY BUREAU, RESPONDENT.

No. 4093

February 27, 1959                    335 P.2d 777

*Calvin C. Magleby,* of Las Vegas, for Appellant.

*John Peter Lee,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, J.:

This appeal, as presented by the briefs, involves the question whether a contracting vendor of an automobile, under a title retaining contract, who has sought and obtained a judgment against his contracting vendee for the balance of the purchase price, is barred thereby from seeking a judgment for conversion of the automobile against a purchaser from the contracting vendee. The question presented then is one of election of remedies or, perhaps more accurately stated, of an election to pursue one of two assertedly inconsistent substantial rights.

The original contract of sale, dated April 17, 1953, was from Connell Motor Company to one Taylor, reserving title until payment in full. On February 1, 1957, Taylor sold to Bromberg, representing that there was an unpaid balance on the car of $312, whereas the actual unpaid balance was $623.20. Connell Motor Company assigned to respondent Anthis its contract of sale, including all its right, title, and interest in the automobile and all moneys it might be entitled to recover for the conversion thereof.

On May 16, 1957, Anthis commenced this action, joining as defendants both Taylor and Bromberg, suing Taylor for the balance of the purchase price, with a second cause of action against appellant for the conversion. Taylor defaulted and a default judgment was entered against him for $632.10, plus costs, collection costs, and attorney fees. Some three months later, on

October 21, 1957, the second cause of action, namely, the one against Bromberg for conversion came on for trial, and judgment was entered in favor of Anthis and against Bromberg for $603.10 (certain sums having been recovered from Taylor under the default judgment against him), together with attorney fees and costs.[1]

The two inconsistent rights as asserted by appellant would appear to be (1) the assertion of the complete sale to the vendee and the vesting of title in the vendee through seeking and obtaining a judgment against the vendee for the balance of the purchase price; and (2) the assertion of the continued subsistence of the terms of the contract, the retention of title in the contracting vendor and the conversion of the automobile by the contracting vendee's vendee in violation of the contracting vendor's ownership and his repossessory rights under his contract.

In contending that the conversion action against Bromberg was barred by the suit and judgment against Taylor for the balance of the purchase price, appellant relies upon the principle that a party having his choice of two remedies, the exercise of one of which is inconsistent with the exercise of the second, by taking action on one remedy thereby makes an irrevocable election and is barred from asserting the second. For the establishment of this rule appellant relies upon Smith v. Miller, 5 Cal.App.2d 564, 43 P.2d 347; Holt Mfg. Co. v. Ewing, 109 Cal. 353, 42 P. 435; Park & Lacy Co. v. White River Lumber Co., 101 Cal. 37, 35 P. 442; Elsom v. Moore, 11 Cal.App. 377, 105 P. 271; Birkel Co. v. Nast, 20 Cal.App. 651, 129 P. 945; Martin Music Co. v. Robb, 115 Cal.App. 414, 1 P.2d 1000; and other cases to similar effect.

---

[1]Bromberg alleged in his answer that Connell advised him that $312 was the balance due on the Taylor sales contract. The court found against this contention. Bromberg testified that Taylor had told him that such was the balance. Taylor testified that he told Bromberg that $625 was the balance due. If there was an issue between Bromberg and Taylor, if Bromberg, confronted with a judgment against him for $625, felt that he in turn was entitled to judgment against Taylor for $313, he had every opportunity to plead it. NRCP, Rule 13(g).

What we consider the better view in cases of this nature, under contracts such as the one here involved, is exemplified in the opinion of Mr. Justice Cardozo, speaking for the New York Court of Appeals as follows:

"The question depends for its answer upon the law of election of remedies. Where two inconsistent remedies, proceeding upon irreconcilable claims of right, are open to a suitor, the choice of one bars the other. But, to have that effect, the remedies must be inconsistent. We find no inconsistency here. The contract says that title is to remain unchanged till the price is paid in cash. The vendor had the right to receive the price, and brought an action to get it. The judgment preserves the obligation of the vendee's promise to make payment, but puts it in another form. There is no inconsistency between an attempt to get the money and a reservation of title if the attempt is not successful. In asserting title the vendor does not treat the contract as void in its inception. (Citing cases) The contract is treated as subsisting, and enforced according to its terms." Ratchford v. Cayuga County Cold Storage & Warehouse Co., 217 N.Y. 565, 112 N.E. 447, 448, L.R.A. 1916E, 615. The Supreme Court of Utah quotes the foregoing and expounds it at greater length in Soter v. Snyder, 3 Utah 2d 28, 277 P.2d 966, q.v.

Such is the rule this court adopts with reference to a contract like the one here involved. The action against Bromberg for the conversion of the car was not barred by the suit against Taylor for the balance of the purchase price nor by the said judgment against Taylor.

Affirmed with costs.

MERRILL, C. J., and MCNAMEE, J., concur.