401 P.2d 949

GOLDEN SPIKE EQUIPMENT CO., a Utah corporation, Plaintiff and Respondent,

v.

Howard F. CROSHAW, Defendant and Appellant.

No. 10266.

Supreme Court of Utah.

May 11, 1965.

Ted S. Perry, Perry & Perry, Logan, for defendant and appellant.

Sherma Hansen, Omer J. Call, Brigham City, for plaintiff and respondent.

CROCKETT, Justice.

Defendant-buyer seeks reversal of a jury verdict in favor of plaintiff-seller holding defendant liable on a past due installment payment under a conditional sales contract, and urges that we declare the entire contract unenforceable.

Plaintiff, a farm equipment dealer in Tremonton, Utah, sold defendant a used 1957 combine-harvester on July 30, 1963, under a conditional sales contract providing for a cash price of $2,500, plus a time price differential[1] (the permissible additional charge for time payments) of $124.61. The down payment was a credit of $700, leaving a balance of $1,924.61 to be paid in two installments; $941.61 to be paid November 1, 1963, and the balance of $983.07 due on November 1, 1964. The contract contained an acceleration clause which stipulated that the seller could, at his option, declare the entire unpaid balance due should the buyer default on the first payment. The defendant refused to pay the first installment due on November 1, 1963, claiming that the combine would not work properly and, returned the machine to the plaintiff's yard. After attempts at a settlement failed, the plaintiff filed this suit to enforce the contract, including the acceleration clause. A trial to a jury upon the disputed issues resulted in a verdict for the plaintiff and the court entered judgment for the past-due installment, $941.54, plus interest $155.25, attorney's fees and costs. Defendant appeals.

[1] Utah Code Ann. § 15-1-2a, subd. A(8) defines time price differential as "the amount by which seller's total time price exceeds the aggregate of the cash sale price, [other than] the cost of insurance and optional benefits, if any, and any other permissible cost or expense incidental to the installment sale; * * *."

The defendant's contention on appeal is that because of Section 15–1–2a U.C.A. 1953, the exercise of an acceleration clause in a sales contract renders it unenforceable. The section relied on states:

"Any provision in any conditional sale contract for the sale of personal property to the contrary notwithstanding, the *buyer may satisfy* in full the indebtedness evidenced by such contract *at any time before the final maturity thereof,* and in so satisfying such indebtedness *shall receive a refund credit* thereon for such anticipation of payments." (Emphasis added.)

This subdivision goes on to illustrate how the refund credit must be computed, and subdivision B(5), provides that if the seller violates this law then "the conditional sale contract shall not be enforceable. * * *"

The defendant argues that fulfillment of the literal terms of this statute requires that the contract remain open until maturity so that the buyer will have the opportunity to "satisfy * * * the indebtedness * * * at any time before final maturity * * *. [and] receive a refund credit. * * *."

 In our judgment the interpretation of the statute in question which de-

fendant contends for would be a distortion of its meaning not consonant with the purpose it was intended to serve. It seems reasonable to assume that if the legislature had intended to abrogate or render ineffectual acceleration clauses in sales contracts,[2] it would have approached the subject more forthrightly than by using any such devious method as defendant suggests. From a perusal of the pertinent statutes it seems clear that this enactment was concerned with assuring the buyer the right to make payments in advance at any time, regardless of contract provisions attempting to restrict that right, and with compelling the seller to give up a refund credit on the time price differential (interest charge) to a buyer who makes any payment in advance of its due date. This conclusion is supported by the fact that Section 15–1–2a above quoted is found in the Utah Code under the chapter dealing with "Interest," and the section itself is titled "Conditional Sales of Tangible Personal Property—Regulation of Contracts—Maximum Rates"; and that there is no mention of acceleration clauses therein.

We are not unappreciative of the ingenuity of the argument of defendant's counsel in regard to this statute. But for the reasons discussed above we are not per-

---

**2.** That such clauses have been held valid, see Soter v. Snyder, 3 Utah 2d 28, 277 P.2d 966.

suaded that it was intended to preclude the enforcement of acceleration clauses by rendering unenforceable the contract when they are invoked.

 The plaintiff challenged the propriety of this appeal on the ground that the defendant has paid the judgment entered. In regard thereto, we observe that whether the payment of a judgment precludes the taking of an appeal would depend on the circumstances. We do not disagree with the proposition that if the payment is made under circumstances which show that the party intends to be bound by the judgment, an appeal should not be allowed.[3] On the other hand, conditions may be such as to justify the payment of a judgment with the intention of preserving the right to appeal. When this is made to appear, the right to appeal should not be denied.[4] Inasmuch as we have ruled for the plaintiff on the other issue hereinabove discussed, it is unnecessary to resolve that problem here.

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and McDONOUGH, WADE, and CALLISTER, JJ., concur.

3. See annotation at 39 A.L.R.2d 153, et seq.

4. See Article VIII, Sec. 9, Utah Constitution which assures right of appeal.